Read®, J.
 

 The defendant sued out an execution against the petitioner, in another proceeding between them, and whilst it was in the hands of the sheriff, the petitioner paid it off to him, and took a receipt in full, and the sheriff returned the execution ££ satisfied.” Subsequently, the sheriff obtained leave of the court to amend his return, which he did as follows:
 
 “
 
 Received from the defendant [the present petitioner] Confederate money on the debt, which the plaintiff refuses to take, therefore the sale is not satisfied, and the same is returned, that an
 
 alias
 
 may issue to sell the land.” An
 
 alias
 
 did issue, and the sheriff levied on the property of the petitioner,.who was the defendant in that suit. Thereupon-the petitioner filed his petition for a
 
 certiorari
 
 and
 
 supersedeas,
 
 and obtained the same. Upon the return of the petition and'' proceedings into court, his Honor dismissed the petition ; from which order the petitioner appealed.
 

 The case does not state the grounds upon which the petition was dismissed, and we are left to collect from the whole case whether it ought to have been dismissed, or placed upon the trial-docket.
 

 It was clearly within the power of the County Court to allow the sheriff'to amend his return ;
 
 Dickinson
 
 v.
 
 Lippitt,
 
 5 Ire, 560. So much of the case therefore must stand upon the return, as amended.
 

 Again, a plaintiff has the right to instruct the sheriff to collect In specie,, but., without such instructions, the sheri^
 
 *33
 
 may collect in currency.
 
 Governor
 
 v.
 
 Carter,
 
 3 Hawks, 328. A sheriff, in the absence of instructions to the contrary, would be justified in receiving what was passing currently in payment of debts of the character which he had to collect. Yet there must be some limit to this discretion of the-sheriff; for, if he receive funds which are so much depreciated that it would amount to notice that the plaintiff would not receive them,
 
 he
 
 would be liable to the plaintiff in the execution.
 

 How the facts were in this-case we are-not informed. We-•do not know whether Confederate money was current in the payment of such debts as the sheriff held for collection, or-not. And these facts are necessary to determine the liability of the sheriff to the plaintiff in the execution. But they are not necessary to determine the present case, because the extent of the sheriff's liability is- not the question before us. That question- is : Had the execution been satisfied, so-far as the petitioner is- concerned ? He had paid the sheriff in funds which the latter received without objection ; and these funds have never been returned or offered to be returned, so far as we are informed. The petitioner has a receipt in full for the debt, and, outside of the declarations of the sheriff, it does not appear that he did not pay in good money.
 

 We are therefore of opinion that the petition in this case ought not to have- been dismissed, but should have been placed upon the trial-docket, so that the question as to the satisfaction of the execution by the petitioner may be properly raised and decided.
 

 Per Curiam. Judgment reversed.