ALEXANDER McKAY *v.* NOAH SMITHERMAN.

A Sheriff who had been instructed by the plaintiff to receive upon an execution "cash in bank bills of the State, or specie," received upon it its amount in Confederate currency, and endorsed *"satisfied;"* upon returning it to the Clerk his attention was drawn to the instructions upon the writ, and thereupon he withdrew it, erased "satisfied," and entered "Received, August 30th, 1864, the amount of this execution in Confederate currency notes, which plaintiff refused to accept:"

McKay v. Smitherman.

*Held*, that the judgment was not discharged; and therefore, that the defendant had no right at a subsequent term to move that alias writs of execution which had been issued, should be set aside.

An execution can be satisfied only by a seizure and sale of property; or by payment in coin, or in such currency as the plaintiff gives the officer express or implied authority to receive.

(*Atkin* v. *Mooney*, Phil. 31, and *Taylor* v. *Kelly*, 6 Jon. 324, cited and approved.)

MOTION to set aside an execution returnable to that Term of the court, made before *Buxton, J.*, at Fall Term, 1869, of MONTGOMERY Court.

Judgment in the case had been rendered at Fall Term, 1862.

A *fieri facias* was issued, and was returned, levied on land, to Fall Term, 1863.

A *venditioni exponas* (with *fi. fa.* clause) issued returnable to Fall Term 1864, directing on its face the receipt by the Sheriff of "cash in bank bills of this State, or specie." There was also a memorandum on the execution docket, entered by the Clerk at the time he issued the execution, in these words : "Issue *vendi.*, to be collected in bank bills or specie, issued 19th July 1864."

The Sheriff who had made the levy, on the 30th August 1864 received the amount without sale, of Alexander McKay, one of the defendants in the execution, but received it *in Confederate currency*, endorsed the execution "satisfied," brought it into the Clerk's office, and laid it on the table, remarking that he had collected the money. Thereupon the Clerk made an entry on the execution docket, of the word *"satisfied,"* but on looking at the money, and discovering its character, said to the Sheriff "That will not do," erased the word *"satisfied"* which he had just entered, refused to receive the money, and pointed the Sheriff to the direction in the execution, and on the docket, as to the character of the money required."

McKay *v.* Smitherman.

The Sheriff then carried off the execution, and the Confederate money.

This execution afterwards was filed among the papers, no one knows how. The word *"satisfied,"* first endorsed thereon and signed by Sheriff Sanders, was erased, and the following words appeared :

Received, August 30th 1864, the amount of this execution in Confederate currency notes which plaintiff refused to receive.                          A. H. SANDERS, Sh'ff.

The Sheriff at the time he collected the Confederate money of McKay, gave him no receipt, but remarked to him that he would write the word *"satisfied"* on the writ of execution. He afterwards informed McKay that the money was rejected, and tendered it back to him, but not until it was entirely worthless, and then McKay refused to take it back, and the Sheriff has it yet.

Sanders went out of office in October 1864. No further proceedings were had upon the levy already made, but successive writs of *fieri facias* were issued from court to court, and came into the hands of his successor in office, under one of which a new levy was made upon the land of the said McKay. Upon this levy a *ven. ex.* (with *fi. fa.* clause) issued, returnable to the present term of the court, and this execution Alexander McKay moved to set aside, upon the ground that so far as he was concerned, the judgment upon which it issued was satisfied and discharged, by the proceedings in regard to the execution in the hands of Sheriff Sanders, above recited. His Honor refused to set aside the execution, and McKay appealed.

*Ashe,* and *Battle & Sons,* for the appellant.

*No counsel, contra.*

Dick, J.  An execution can be satisfied only by payment, or by a seizure and sale of a defendant's property.

In the case before us there was no seizure and sale of property, and the question to be determined is, Did the payment, by McKay, of Confederate notes to the Sheriff, discharge the execution?

On the face of the execution there were instructions to the Sheriff, to receive in payment "cash in bank bills of this State, or specie." The plaintiff in the execution, had a right to give these instructions, *Atkin* v. *Mooney*, Phil. 31—and they were mandatory to the Sheriff. The law recognizes nothing in the payment of debts but money; i. e., coin or currency which is declared to be a legal tender. If any other kind of currency is received by a Sheriff in payment of an execution, with the express or implied consent of a plaintiff, it will discharge the debt. In our case the Sheriff was acting under special instructions, and his failure in the performance of his duty rendered his action illegal and void.

The execution was not returned " satisfied," and the special return of payment in "Confederate currency notes," did not discharge the judgment. *Taylor* v. *Kelly*, 6 Jon., 324; *Griffin* v. *Thompson*, 2 How. U. S. 244.

There is no error.

PER CURIAM.                          Judgment affirmed.