The plaintiff alleged his judgment, and that no part of it had been paid. The defendants admitted the judgment, but denied the allegation of non-payment — and said that execution was duly issued upon said judgment, tested of November Term, 1862, of Wake County Court, and returnable twelve months thereafter. That the said execution was placed in the hands of the sheriff of Wake County, by plaintiff for collection, and that the defendant some time in May, 1863, paid off and satisfied the same, taking the receipt of said sheriff. *Page 268 
At Special January Term, 1872, of Wake Court, by consent of parties it was ordered that said action be referred to George H. Snow, Esq., his award to be final as to matters of fact and subject to exception as to matters of law.
At Fall Term, 1872, of Wake Court, the said referee reported that he had heard the evidence, and that this action was brought upon a former judgment obtained at February Term, 1861, of the County Court of Wake County for the sum of $465.18, with interest on $387.50, from 17 Nov., 1860, till paid, and costs, $12; that execution upon said judgment was issued, returnable to November Term, 1862, and reissued to November Term, 1863, and placed in the hands of the sheriff of Wake County. That there were other executions in the hands of the sheriff issued from November Term, 1862, to November Term, 1863, at the same time, against the defendant Thomas Young; that 18 May, 1863, the defendant Thomas Young paid to the sheriff one thousand dollars in Confederate Treasury notes, and took a receipt for the same as follows:
"$1,000. Received of Thomas Young one thousand dollars, to be applied to the payment of his taxes for the year 1863, and the balance to be applied to executions against him in my hands for collection. 18 May, 1863. W. H. HIGH, Sheriff. By G. W. NORWOOD, D. S."
(389) That the sheriff failed to apply any part of the said $1,000 to the executions in his hands, as appears from record, and also failed to return said executions.
Upon this finding of facts the referee found the following conclusions of law: "That the sheriff in the absence of instructions to the contrary was justified in receiving Confederate Treasury notes in satisfaction of executions in his hands on 18 May, 1863, to the nominal amount of the notes." "That upon failure of the sheriff to apply the funds received to the executions, the law will make the application according to the teste of the executions," and that after paying taxes and executions having priority, the residue be applied pro rata to two executions in his hands in favor of the plaintiff against Thomas Young and others, which being done would leave a balance due the plaintiff of $189.04 on the 18 May, 1863, with interest from that time to 7 October, 1872.
This report was returned to October Term, 1872, and the following entry was made: "Report filed 4 Oct., 1872. Judgment according to report." At next Term the plaintiff gave notice of motion to file exceptions to report and to set aside the judgment rendered at October Term confirming said report. On motion of plaintiff's counsel it was ordered by the Court that the words "Judgment according to report," entered *Page 269 
at the last Term of this Court, be stricken out and that the plaintiff be allowed to file exceptions to the report of the referee as to the conclusions of law found by him. And thereupon the following exceptions were filed:
1st. "The referee finds, as a conclusion of law from the facts found by him in his report, that the sheriff was justified in receiving Confederate Treasury notes on 18 May, 1863, in satisfaction of the executions then in his hands, and referred to in the pleadings and report of the referee in this action, whereas, according to law, the said sheriff had no right to receive Confederate Treasury notes in (390) satisfaction of said executions, or any part thereof."
2d. "The referee finds, as a conclusion of law, that the Confederate Treasury notes received by the sheriff on said day was a satisfaction of said executions to the full amount of their nominal value and were not liable to be scaled; whereas, according to law, the said Confederate Treasury notes could only be received, if at all, in satisfaction of the said executions, at their value according to the rate of depreciation on the said 18 May, 1863."
And the cause coming on for trial, on motion of defendant's counsel, it was adjudged by the Court that the exceptions be overruled and the report of the referee be confirmed in all respects, and that the plaintiff recover according to the report, and costs. Plaintiff appealed from the judgment of the Court, overruling his exceptions to the report of the referee.
Defendants appealed from the order of the Court that the entry made at the last preceding Term be stricken out.
The following facts were found by his Honor in reference to the motion of the plaintiff to strike out the words, "Judgment according to report," and to allow him to file exceptions thereto: The report of the referee was filed on 4 October, 1872. When the case was on trial before the referee the questions of law were raised and discussed by counsel, and the counsel for plaintiff was informed in general terms as to what the decision of the referee was, but had not read the report. On Tuesday of the second week of the term, it having been understood by the Court and bar that no litigated cases would be tried, the Court called over the docket hurriedly to enter judgments in plain actions, to hear motions, etc. When this case was called the counsel on one side or the other asked for judgment according to report, and the other side assenting, the entry was made by the clerk by order of the Court, "Judgment according to report." The Court was kept open (391) during the whole week by order of the Judge. During the week, when the counsel for the plaintiff took up the report to draw the judgment and read it over, they declined to draw up any final judgment for the signature of the Judge, thinking that the questions of law presented *Page 270 
by the report of the referee ought to be passed on by the Court. No final judgment was drawn up and signed by the Judge. They drew up the exceptions before set out, filed them in the office of the clerk and gave notice to the defendants that they had filed the said exception, all of which was done during the week and before the adjournment of the Court. The defendants insisted that the final judgment was rendered before exceptions were filed at the Term of the Court, and refused to allow exceptions to be filed.
1. There is no doubt that it was within the discretion of his Honor to set aside the judgment and allow exceptions, and there is nothing in the case to indicate that his discretion was arbitrarily or unlawfully exercised. There is, therefore, no error in the matter appealed from by the defendant, and this will be certified and there will be judgment against the defendant in this Court for the costs of his appeal.
2. Whether the sheriff was authorized to receive and the defendant to pay Confederate Treasury notes on 18 May, 1863, depends upon whether prudent business men usually received them in payment of such debts at that time in Wake County. This fact is not found either by the referee or by his Honor, and we can not try the fact. Atkins v. Mooney, 61 N.C. 31; Emmerson v. Mallett, 62 N.C. 236; (392) McRay v. Smitherman, 64 N.C. 47; Greenlee v. Sudderth, 65 N.C. 470.
If prudent business men usually received Confederate Treasury notes at that time and in payment of such debts, then the sheriff, having no instructions to the contrary, was authorized to receive them and the defendants to pay them, and the debt was satisfied as against the defendants. If the sheriff was not authorized to receive them, then the plaintiff had his election to disregard them altogether and hold the defendants still bound for the whole debt, or to hold the sheriff liable for the value of the Confederate notes and the defendants for the balance.
There is error in the matter appealed from by the plaintiff, and there will be judgment for the plaintiff in this Court for the cost of his appeal.
If the propriety of receiving the Confederate notes is the only fact which the parties desire to litigate, there may, by consent of parties, be a reference to the clerk of this Court to find that fact; in which event this opinion need not be certified nor the cause remanded, but there may be judgment here in conformity to the report of the clerk.
PER CURIAM. Error. *Page 271 
 Cited: Purvis v. Jackson, 69 N.C. 482, 485; Melvin v. Stevens,84 N.C. 82.