JAMES K. MELVIN, Adm'r, v. CHARLES H. STEVENS, Adm'r.

*Evidence—Confederate Currency—Presumption.*

1. While it may be that evidence that confederate money was the only currency generally in circulation in a given locality at the time of a certain payment may not be sufficient in itself to establish a payment in such currency, yet, it is clearly admissible to corroborate other evidence tending to the same end.

2. There is no presumption that a receipt for a certain number of dollars given in this state by a clerk and master in equity, in the course of his

official duty, during the war, was meant to acknowledge the payment of that sum in gold or silver. If there is any presumption at all, it is the reverse of this.

(*Utley* v. *Young*, 68 N. C., 387; *Emerson* v. *Mallett*, Phil. Eq., 234; *Atkins* v. *Mooney*, Phil. Law, 31, cited and approved.)

CIVIL ACTION tried at Fall Term, 1880, of Bladen Superior Court, before *Avery, J.*

The action was brought by the plaintiff to recover of the defendant administrator *cum test. annex.* of George W. Melvin and his surety, Duncan Cromartie, upon his administration bond, the amount of a decree which the plaintiff as administrator of Angus McLelland had recovered against the defendant administrator in the court of equity of Bladen county. The defendant relied upon the plea of payment, and only one issue involving that question was submitted to the jury.

The defendant introduced Dr. Lewis as a witness who testified that the signature of D. Lewis, clerk and master of said court of equity, to a receipt put in evidence and dated the 2d of February, 1864, was the handwriting of said D. Lewis, who was the father of the witness. This receipt was for one hundred and sixty-three dollars and five cents in full of the judgment or decree. The witness testified on cross-examination that he had no recollection of the particular transaction and did not distinctly recollect when payment was made to his father, but he felt satisfied the payment was not made in gold or silver because the entry of the payment on the book or docket was in his, witness', handwriting, and he generally knew when his father received money and took charge of it for him; and that his father did not to his knowledge receive any payments as clerk and master in gold or silver, and for the reasons given he was satisfied that the payment was not made in gold or silver, and that confederate money was the currency generally used in the year 1864.

R. A. Lytle was then introduced as a witness for plaintiff, and it was proposed to prove by him that confederate currency was the currency generally circulating at the time of the payment in 1864, and that the same was the only currency in circulation at the date of the receipt of February 2d, 1864. The defendant's counsel objected and the objection was sustained, and plaintiff excepted.

The plaintiff admitted that the payment to H. H. Robinson (clerk and master in 1861) of seventy-five dollars and sixty-six cents, the costs in the suit in equity when the said decree was rendered, was a valid payment, and that the receipt dated February 2d, 1864, was signed by D. Lewis, clerk and master.

Under the ruling of the court (which is set out in the opinion here) the jury found the issue submitted to them in favor of the defendant, judgment, appeal by plaintiff.

*Mr. R. H. Lyon*, for plaintiff.
*Mr. D. J. Devane*, for defendant.

ASHE, J. His Honor in the court below held that the receipt having been admitted to have been executed by the clerk and master, the presumption of law would be that the payment was made in good money, and while the plaintiff had the right to offer competent evidence to show that in fact the said payment was made in confederate money, proof that confederate currency was the currency generally circulating at the time, would not tend to show that the particular payment in question was made in confederate money. But assuming that there was such a presumption of law, it was a presumption that might be rebutted by proof, and to that end all competent evidence of facts and circumstances tending to that result should have been allowed to go to the jury to be considered by them in determining whether the presumption had been rebutted.

We hold that the excluded evidence that confederate money was the currency generally in circulation at the time of payment, and that it was the only currency in circulation at that time, was competent and should have been submitted to the jury to be considered by them in connection with the testimony of Dr. Lewis, which was received without objection, and which would have been very much strengthened by the admission of the rejected proof. We concede that the fact of confederate money being generally in circulation would have been, by itself, a very slight circumstance tending to prove the character of the currency in which the decree was paid, but assuredly, the fact that confederate money was the only currency in circulation would tend to establish that fact, and yet it was excluded by the judge, but upon what principal we do not understand.

In the case of *Thorington* v. *Smith*, 8 Otto, 1, (U. S. Rep.), which was an action brought on a promissory note given at Montgomery, Alabama, for ten thousand *dollars*, dated November 28th, 1864, the question arose as to what was the the meaning of the word *dollar* in that contract—whether confederate treasury notes, or gold and silver, or United States treasury notes—and evidence was admitted to show that no gold or silver coin, nor notes of the United States were in use in that state, and that the only currency in ordinary use in which current daily business could be at all carried on, were treasury notes of the Confederate States; and the Chief Justice who delivered the opinion of the court, said: "We are clearly of opinion that such evidence must be received in respect to such contracts in order that justice may be done between the parties." And in this state, in several cases, where it was a question whether payments in confederate money were good, it has been held to be competent to prove that confederate currency, about the time and in communities where such payments were made, was received by prudent men in discharge of debts due them.

*Utley* v. *Young*, 68 N. C., 387; *Emerson* v. *Mallett*, Phil. Eq., 234; *Atkins* v. *Mooney*, Phil. Law, 31. If the evidence admitted in these cited cases was competent, we cannot see why upon the same principle that offered and rejected in our case was not also competent. Holding, then, that the evidence was competent, it must follow that the proposition laid down by His Honor as to the presumption of law cannot be sustained. If there is any presumption at all, it must be the reverse of that stated by him, for aside from the evidence adduced in any case on this subject, the court cannot shut their eyes to the condition of the country and the state of its finances during the latter days of the war. It was a notorious fact that the only currency used in the common transactions of business was confederate treasury notes, and whenever any other currency was used, it was a noted exception entirely too rare, too infrequent, upon which to found any such presumption as that assumed by His Honor.

We hold, therefore, that there was error in the ruling of the court below in rejecting the offered proof, and that a *venire de novo* should be awarded. Let this be certified, &c.

Error. *Venire de novo.*