STATE *ex. rel.* D. H. McNEILL *et. al.* v. JOHN MORRISON, *et. al.*

Whenever the Clerk of a Court is appointed to make sales, &c., it is to be taken that he is appointed in his official capacity, unless the order of appointment expressly negatives the idea; and for default under such appointment the Clerk and his sureties are liable upon his official bond.

(*Broughton v. Haywood*, Phil. 380, cited and approved.)

DEBT, tried before *Warren, J.*, at Fall Term 1867 of the Superior Court of MOORE,

The action was brought on the bond of one Currie, (deceased) Clerk of the County Court of Moore.   The bond was given at October Term 1854 of the County Court, and the defendants are the sureties thereto.   At July Term 1854 of the County Court, a petition had been filed by the plaintiffs in this suit, praying for the sale of a slave for division, said slave belonging to the plaintiffs as tenants in common.   At October Term 1854, there was this entry upon the trial docket:   "Prayer of petition granted. Ordered by the Court that A. C. Currie be appointed commissioner to sell the slave, and report to the next term of the Court.   For decree, see minutes."   The parts of the decree

necessary to be stated are as follows: "It is therefore ordered, adjudged and decreed that Alexander C. Currie be appointed a commissioner to make sale of said slave on a credit of six months, &c." "It is further ordered that the said commissioner make his return to the next term of this Court." At January Term 1855 a report was made, signed "A. C. Currie, Commissioner," and confirmed. It set forth that the slave was sold on the 29th day of December, 1854, to Cornelius Dunlap, on a credit of six months, and that Dunlap gave his bond for $1,026, the purchase money. It was in evidence that Currie received the money on this bond before it became due, less some ten or fifteen per cent. upon the amount, and surrendered the bond to Dunlap, and shortly thereafter died. There was also evidence of a demand before the commencement of this suit.

It was insisted that upon this evidence the sureties on the bond of Currie were not liable, but the Court was of a different opinion, and there was a verdict for the plaintiff.

Rule for a New Trial; Rule discharged; Judgment, and Appeal.

*Person* for the appellants, cited *Sanders* v. *Bean*, Bus. 318.

*Manning*, and *N. McKay contra*, cited *State* v. *Bradshaw*, 10 Ire. 229, *Broughton* v. *Haywood*, Phil, 380.

READE, J. The statute authorizes the Court to appoint the Clerk, or some other fit person, to make sales, &c.

Whenever the person who is Clerk is appointed, it is to be taken that he is appointed in his official capacity. Especially is this so, when in the order appointing him, he is designated as "Clerk."

The words "some other fit person" mean some other person than he who is acting as Clerk. It may be that if the order of appointment negatived the idea that he was appointed in his official capacity, he might fall under the words, "other fit person," but that is not this case.

It is to be taken that the bond was payable to A. C. Currie, Clerk, &c., and reported to Court and filed in his office, and that upon it he received the money.

33

The Clerk, then, and his sureties are liable upon his official bond, *Broughton* v. *Haywood*, Phil: 380.

There is no error. Judgment will be entered here for the plaintiff.

PER CURIAM.                                    Judgment affirmed.