B. F. HAVENS v. LATHENE and others.

The terms of the bond executed by a clerk of the Superior Court oblige him to " acount for and pay over all money received by virtue of his office, and he is liable as an insurer at all events, or debtor in respect to such money, and can only be relieved by payment.

When the clerk of a Court was appointed a commissioner to sell land, and his report of sale was confirmed, it was ordered that " the *clerk* collect the purchase money when due," &c., he is liable on his bond for such money when collected, though he deposited it in good faith to his credit as clerk in a bank, and it was lost by the failure of the bank

(*Atlantic & N. C. Railroad Co.* v. *Cowles,* 69 N. C. Rep., 59, and *State ex rel. Commissioners of Bladen,* v. *Clark,* 73 N. C. Rep., 255, cited and approved.)

MOTION, for *Summary Judgment,* after notice, against the Clerk of the Superior Court of BEAUFORT County, and the sureties on his official bond, heard before MOORE, J., at Spring Term, 1876, of said Court.

At Fall Term, 1872, a decree was made in the above entitled cause, ordering the sale of certain property in the town of Washington, for partition, and George L. Windley was appointed Commissioner to sell and report to the following Term. At Spring Term, 1873, the report was made and confirmed, and it was " ordered that the Clerk collect the purchase money, when due, and make title." The case, as made up by the counsel of the parties for this Court, sets forth that " said Windley, Commissioner as aforesaid, was ordered to collect," &c.

The purchase money was collected by Windley and deposited with Burbank & Gallagher, bankers in Washington, then and for several years previous, and in good standing as such. There had been no order at that time authorizing Windley to pay over the money. It was in evidence, that he instructed Burbank & Gallagher to deposit the money to his credit as Clerk, but as entered on other books, it was in

his own name simply; also that he neither received nor demanded interest.    Before Fall Term, 1873, Burbank & Gallagher failed with this money in their hands.

His Honor left it to the jury to say, from the evidence, whether the deposit by Windley was general or special, charging them that if he carried the money to Burbank & Gallagher, and instructed them to place it to his credit as Clerk, that it was a special deposit; and if Burbank & Gallagher, without Windley's instructions or consent, mixed it with other money and used it, Windley was not liable for its loss; but that if Windley consented for them to use it, and agreed to receive interest, alleged by the plaintiff, and gave no instructions that the money should be placed to his special use as Clerk, then he was liable.

Verdict for the defendants; rule for new trial discharged, and appeal by plaintiff.

*Warren & Carter*, for appellant.
*Moore & Mullen*, contra.

Pearson, C. J.    His Honor took a wrong view of the case, and made it turn upon an immaterial circumstance without reaching the merits.    Whether Windley deposited the money in bank to his own credit, or to his credit as Clerk, made no substantial difference; for, in either case, the money was equally exposed to be lost by the failure of the Bank, and could as readily be drawn out by him; in the latter case all he had to do was to add the word " Clerk " to his name on the check.    True, this fact made it easier to trace the fund, and might have become important had Windley failed, but it could make no sort of difference in the event of the failure of the Bank.

The point on which the case ought to have been made to turn, was this: Is the Clerk of the Superior Court liable only as custodian of the money in his office, so as to fall un-

der the principle announced in *Atlantic & N. C. R. R. Co.* v. *Cowles,* 69 N. C. Rep., 59 ; or is he liable as an insurer of the money, under the principle announced in *State ex. rel. Commissioners of Bladen County* v. *Clarke ?* 73 N. C. Rep., 255,.

We are of opinion that public policy induced the Legislature to require bonds to be entered into by Sheriffs, Clerks, and, under the old law, Clerks of the County and Superior Courts and Masters, so liable as insurers of the money. In other words, to impose on them the relation of debtors, who are bound to pay in any event.

The words of his bond obliges an officer to " account for and pay over" all money received by virtue of his office, thus making him accountable as a debtor, who can only relieve himself by payment.

Our case ought to have been made to turn on the question of payment, of which there was no proof.

Suppose A owes B $500, and, in order to pay it, deposits in a bank $500 to the credit of B. The bank fails. This is no payment unless A made the deposit with the assent of B, or it was recognized by him afterwards. A must pay the debt. Suppose an officer deposits money in bank to his credit as such officer, it is no payment.

This is a hard rule upon public officers. It imposes on them an obligation greater than that of common carriers and inn-keepers, who are insurers except as against the acts of God and the public enemies, and does not allow these officers to use money, while it makes them insurers at all events, in other words, debtors.

In the case of common carriers and inn-keepers, the obligation arises out of a general contract and considerations of public policy. In the case of public officers, the obligation arises out of considerations of public policy, and is expressed by the words of their official bonds. Such officers and their sureties are presumed to know the law, and

to have executed the bond with full knowledge of the extent of the liability which they incur.

As the case goes back for another trial, it is proper to notice an objection, which, according to the view taken by his Honor, he was not called on to decide, to-wit : the sureties insist that they are not liable, for that the money was collected by Windley as commissioner, and not as clerk.

It is set out in the statement of the case : " Said Windley, commissioner as aforesaid, was ordered by the court to collect the purchase money and make title to the purchaser." But it appears by the record the order was : " Spring Term 1873 ; it appearing to the Court that Geo. L. Windley, clerk, has, in obedience to the order made in this case at the last Term of the Court, sold the property named in the pleadings, which sale was in all respects confirmed.   It is further ordered that the *clerk* collect the purchase money from the several purchasers when due, and make title."

The statement of the case must give place to the record, so Windley received the money *virtute officio,* and the sureties are liable.   Error.

PER CURIAM.                                        *Venire de novo.*