STATE on relation of DENNIS COX, Executor of Thomas Cox, v. J. A. BLAIR, Administrator of B. B. Bulla, and others.

### *Clerk of Superior Court — Breach of Official Bond.*

1. A Clerk of the Superior Court, appointed to sell real estate in a proceeding for partition, acts in his official capacity, even though he is not designated as *Clerk*, in the order of appointment    And,

2. The loss of money collected by him, in pursuance thereof, by being stolen from a safe in which it was deposited, is an official default and breach of bond, for which his sureties are liable.

(*State* ex rel. *McNeil* v. *Morrison*, 63 N. C., 508; *Commissioners of Bladen* v. *Clark*, 73 N. C., 255; and *Havens* v. *Lathenr*, 75 N. C., 505, cited and approved.).

CIVIL ACTION, for breach of official bond, tried at Spring Term, 1876, of RANDOLPH Superior Court, before *Kerr, J.*

The complaint, filed against Blair as administrator of Bulla, deceased, late Clerk of the Superior Court of said County, and the other defendants, (sureties on the official bond of said Bulla,) demanding payment of the sum of $242.17 balance due, alleges:

That Bulla was elected and qualified as Clerk in 1868 and executed a bond with the other defendants as sureties. That in 1871, one E. B. McCain brought an action against the plaintiff's testator, praying that a certain house and lot in the town of Asheboro, might be sold, and the proceeds divided between them, to the end, that they might have partition of the same. That in July 1871, said Bulla, under a decree of the Court, sold said property for $505. That said sale was reported to Court and confirmed. That he collected the purchase money in full in January, 1872. That Cox died in July, 1871, and Bulla died in July 1872. That in April, 1874, the Court decreed that the money arising from said sale be paid to the parties entitled. That a

demand was made on defendant Blair and on the present Clerk of the Court, the successor of Bulla, for payment of the money, before the commencement of this action.

Defendants demurred and assigned as cause : That it did not appear from the complaint that Bulla was ordered as *Clerk of the Court* to sell the land ; nor that he sold the same, or collected the money as *Clerk*; nor that he, as such, was ever ordered to pay the money to the parties ; nor that Bulla as *Clerk* had ever broken the conditions of his bond, so as to render his sureties liable.

The demurrer was overruled and thereupon the defendant Blair, Administrator, answered over, alleging, that the identical money which had been collected by his intestate from the purchase of said land, was deposited in a safe. That the safe was broken open and this money stolen, together with other monies and valuable papers, belonging to suitors in said Court, and that this occurred without the laches of his intestate and notwithstanding his great prudence and care.

The other defendants filed no answer.

The evidence sustained the material allegations of the complaint and His Honor held, that there was a breach of the official bond and that defendants were liable. Defendants excepted. The jury rendered a verdict for the plaintiff. Judgment, and appeal by defendants.

*Messrs. Tourgee* and *E. G. Haywood*, for plaintiff.

*Messrs. Mendenhall & Staples* and *Smith & Strong*, for defendant.

BYNUM, J. In proceedings for partition the Court may authorize any officer thereof, or any other competent person, to be designated in the decree of sale, to make the sale. *Bat. Rev.* ch. 84, § 15.

It is most usual to appoint the Clerk of the Court for that purpose, because his responsibility is secured by his oath and his bond ; and because as an officer of the Court, he is under its immediate control. Hence, nothing to the contrary clearly appearing, where the Clerk is appointed to that duty, it is the presumption that he is appointed in his official capacity, whether he is designated in the order as Clerk or not. *State ex rel McNeill* v. *Morrison,* 63 N. C. 508.

The Clerk here having made the sale and collected the money in pursuance of an order of the Court, held it in his official character.

This is the only question raised by the pleadings, though it was insisted in the argument that the other tenant in common was a necessary party to the action. We do not think so. The statute declares that all persons having an interest in the subject of the action and in obtaining the relief demanded, *may* be joined as plaintiffs. C. C. P., § 60. Here, the fund is fixed in amount and the plaintiff's share is a matter of mere clerical computation. No account is necessary to be taken between the tenants and each may sue for his specific part, as well as if it was a specific legacy. There is a clear distinction between this case and that of a distributee of an estate. There, before a judgment can be rendered, it is generally necessary to take an account of the administration and of the respective liabilities of the distributees for advancements, &c., before it can be ascertained what may be due. The Courts in such cases hold that all the distributees of the estate are necessary parties to the proceeding, to avoid a multiplicity of suits and to adjust and determine the rights of all in the same action. In our case, the amount due to each tenant is ascertained and their rights of action are several.

It was further objected that the decree of 1874, directing the fund to be paid to the parties entitled, was made without notice to the defendants and was void as to them. This

STATE *ex rel* COX *v.* BLAIR.

order was not necessary to the plaintiff's right of action; but what is that to the defendants ? They owe the money, and can have no voice in adjusting the rights of the partitioners between themselves.

It is again insisted for the sureties on the official bond of the Clerk, that according to the pleadings, the Clerk was in no default, as he had to the time of his death performed all the orders of the Court, and if there was any default, it was on the part of the administrator of Bulla, for which he must be answerable on his administration bond. But the fact is overlooked by the counsel, that the defendants jointly demurred to the complaint and assigned as one cause, that the plaintiff did not set forth a sufficient cause of action. The demurrer was overruled, and *the sureties did not appeal and did not put in an answer.* The plaintiff was therefore entitled to judgment against them. At the next term of the Court, the administrator, Blair, did answer, and the utmost that the sureties of Bulla can ask, is, that we should treat Blair's answer as their answer. Treating it thus, the answer admits the collection of the money by Bulla and alleges that it was stolen from Bulla, without his default. Here then, is the admission of the Clerk's default in office, for it has been expressly held by this Court, that the loss of the money in the manner alleged, is an official default and breach of his bond, for which the sureties are liable. *Havens* v. *Lathene,* 75 N. C., 505 ; *Commissioners of Bladen* v. *Clarke,* 73 N. C, 255.

So, *quacunque via data,* whether upon the demurrer or the admissions in the answer, the plaintiff was entitled to judgment.

There is no error.

PER CURIAM.                                        Judgment affirmed.