CITY OF WILMINGTON v. HENRY NUTT.

*Clerk of New Hanover Superior Court—Official Bond—Action by City of Wilmington to Recover Taxes Collected under Private Acts 1870-'71, Chap. 6.*

The sureties on the official bond of a Clerk of the Superior Court of New Hanover County executed and conditioned according to the provisions of C. C. P. § 187, are liable in an action by the city of Wilmington to recover taxes collected by the Clerk upon Inspector's Licenses under ch. 6, Private Acts 1870-'1, although the bond was executed prior to the passage of the Act.

*(Com'rs. of Bladen* v. *Clarke,* 73 N. C. 255 ; *Havens* v. *Lathene,* 75 N. C. 505 ; *A. & N. C. R. R. Co.* v. *Cowles,* 69 N. C. 59, *Eaton* v. *Kelly,* 72 N. C. 110; *Holt* v. *McLean,* 75 N. C. 347 ; *Cameron* v. *Campbell,* 3 Hawks, 285, cited, distinguished and approved.)

CIVIL ACTION, upon an Official Bond tried at June Special Term, 1877, of NEW HANOVER Superior Court, before *Seymour, J.*

This action was brought against the defendant who was one of the sureties on an official bond of James C. Mann as Clerk of the Superior Court, conditioned for the faithful performance of his duties, &c. It was alleged among other things that said Mann as Clerk aforesaid had failed to pay to plaintiff the amount of certain taxes on Inspectors' licenses which he had collected for the plaintiff in pursuance of Private Acts of 1870-'71 ch. 6, and judgment was demanded for the amount of said bond, to be discharged upon payment of the sums received for the said licenses.

The defendant demurred to the complaint and assigned as cause, (1) that according to the true intent and meaning of said Private Act, the said Mann was thereby declared and appointed to be a fiscal agent of the plaintiff, and the duty of receiving and paying over to the City Treasurer said license taxes was imposed upon him as such fiscal agent, and not as a part of his official duty as Clerk of the Superior Court of New Hanover County ; nor did the money arising therefrom come into his hands by virtue or color of his of-

fice as Clerk aforesaid ; and (2) that according to the true intent and meaning of the bond sued upon and the condition thereof, this defendant cannot be held liable for the default of James C. Mann, the Clerk, in not paying over to the plaintiff the moneys received by him for the licenses aforesaid ; which moneys, as appears on the face of the complaint, were received by him under a private statute which was passed and ratified more than fifteen months after the execution of the said bond.

His Honor sustained the demurrer. Judgment for defendant. Appeal by plaintiff.

Mr. D. L. Russell, for plaintiff.
Messrs. A. T. & J. London, for defendant.

FAIRCLOTH, J. By statute Rev. Code, ch. 19, § 8, the bond of the Superior Court Clerks was conditioned "for the safe keeping of the records of their respective Courts, for the due collection, accounting for, and paying all moneys which may come into their hands by virtue of their office, and for the faithful discharge of the duties of their office in all respects whatsoever." Under this and similar provisions in official bonds, the officer has been held by repeated decisions responsible, not only for those duties particularly specified in the condition, but for such duties as have relation to, and naturally connect themselves with the office. If new duties are imposed, they attach to the office at once and he becomes liable for their proper performance, and the liabilities of the sureties will be measured by the terms of their undertaking, which will be construed to include, not only express duties of their principal, but those naturally implied and connected with his office. The contract and considerations of public policy both are considered in fixing the responsibility of public officials and their bondsmen, in the application of which principles it has been held that Clerks of the Court

are responsible as insurers for moneys received by virtue of their office, as well as the other ordinary duties, and that nothing but payment will discharge them and their sureties. *Comm'rs of Bladen* v. *Clarke*, 73 N. C. 255 ; *Havens* v. *Lathene*, 75 N. C. 505. From this class is distinguished the liability of an officer on a private contract, as the Treasurer of a Rail Road Company, who is held liable only by the express terms of his undertaking, as the custodian of moneys received by him and for due diligence. *A. & N. C. R. R. Co.* v. *Cowles*, 69 N. C. 59. Such are the rules governing the liability on obligations conditioned as the above.

The Act of 1868, C. C. P. § 137, requires a Clerk of the Superior Court to enter into bond, conditioned, "to account for and pay over, according to law, all moneys and effects which have come or may come into his hands by virtue or color of his office, and shall diligently preserve and take care of all books, records, papers and property which have or may come into his possession, by virtue or color of his office, and shall in all things faithfully perform the duties of his office as they are, *or thereafter shall be prescribed by law.*"

The Clerk executed his bond with the defendant as one of his sureties, conditioned as follows ; "To account for and pay over according to law all moneys and effects which have come or may come into his hands, by virtue or color of his office, and shall diligently preserve and take care of all books, records, papers and property which have come or may come into his possession, by virtue or color of his office, and shall in all things faithfully perform the duties of his office as they are or shall *hereafter be prescribed by law,*" dated August 31st, 1869.

On the 21st of December, 1870, the Legislature, Private Acts 1870–'71, ch. 6, imposed on the Clerk of the Superior Court of New Hanover County, the duty of issuing an Inspector's license to any competent person, for the City of Wilmington, who shall first file with the said Clerk a good

bond, and pay the license tax. The Clerk is further required to keep said bond as a part of the records of his office and to pay over to the Treasurer of the City of Wilmington for the use of said City, within thirty days, the amount so received for any such license. It is for the non-payment of such amount that this action is brought on said Clerk's official bond. The defendant says this default is not covered by his undertaking. This question must be decided from the contract of the defendant, and such considerations of public policy as are applicable, and from the true intent and meaning of the parties at the time the undertaking was entered into. We were referred to no authorities and we have found none directly in point. The defendant's counsel cited *Euton* v. *Kelly*, 72 N. C. 110, and *Holt* v. *McLean*, 75 N. C. 347, but they do not fit this case. In each one the undertaking was conditioned as prescribed in the Rev. Code, prior to the Act of 1868, and so are all the cases we have examined. In the case of *Cameron* v. *Campbell*, 3 Hawks 285, the conclusion of the condition was "and in *all things comply* with the Acts of the General Assembly in such case made and provided." The duty required was one imposed on the officer by the Act of Assembly, prior, however, to the date of the undertaking in the bond, but HENDERSON, J. said, if the law had been passed afterwards, he wished to be understood as expressing *no* opinion (the word *an* in the printed report being a clerical error). Looking then at the plain and broad terms of the contract alone, we think the defendant is liable. We can give no other meaning to it. The Legislature manifestly intended to provide for a case like the present, and the defendant by conforming his bond to the strict language of the Act of the Legislature, must have understood it, and intended the same thing. If such was not his intention, then by inserting the last clause in the condition of his bond he was engaged in doing a vain

and useless thing, because the other conditions were amply sufficient to embrace all the duties of the Clerk then required by law.

Error.   Let this be certified.

PER CURIAM.                                           Judgment reversed.