*JOHN H. KERR, Receiver, v. H. F. BRANDON and others.

*Suit on Official Bond—Surety, when not liable—Receiver—Evidence.*

The sureties on the official bond of a clerk are not liable for the default of their principal in administering a fund as receiver. The statute in reference to the appointment of receivers and the order in this case imposed upon the defendant a personal obligation only. Bat. Rev., ch. 53 § 22. But it is not competent to show by evidence *dehors* the record that he and his sureties so understood it.

(*Judges* v. *Deans,* 2 Hawks, 93 ; *McNeill* v. *Morrison,* 63 N. C., 508 ; *Cox* v. *Blair,* 76 N. C., 78 ; *Wade* v. *Odeneal,* 3 Dev. 423, cited and approved.)

CIVIL ACTION on an official bond tried at Fall Term, 1880, of CASWELL Superior Court, before *Eure, J.*

The plaintiff appealed from the judgment below.

*Messrs. A. E. Henderson* and *Graham & Graham,* for plaintiff :

The fund received by defendant by virtue of his office ; and his sureties are liable. *Broughton* v. *Haywood,* Phil., 380. Cases cited in opinion of court discussed. Clerk must account for all moneys received, &c. *Havens* v. *Latham,* 75 N. C., 505 ; *State* v. *Gaines,* 8 Ired., 168. This case distinguishable from *Gregory* v. *Morisey,* 79 N. C., 559. See also 1 Dev. & Bat. 414 ; *Becton* v. *Becton,* 3 Jones Eq., 419 ; *State* v. *McAlpine,* 4 Ired., 140. Record cannot be explained by parol. *Harrell* v. *Peebles,* 79 N. C. 26.

*Mr. Thos. Ruffin,* for defendants.

*Ruffin J., was of counsel in this case.

SMITH, C. J.  In an action instituted by the solicitor of the judicial district of which Caswell county forms a part, pursuant to sections 21 and 22, of chapter 53, Bat. Rev., for securing the estate of certain infants in the hands of their removed guardian, Martha J. Womack, the order following was made at Fall Term, 1870:

"On motion, it is ordered by the court that Henry F. Brandon be appointed a receiver to take into his possession the estate of Sarah B. Russell, Ann E. Russell and Willie Russell, and manage the same to the best interest of the said minors; to lend their money upon good security, and that he rent out the lands to the best advantage for the minors; to collect the rents and lend the same upon good security.'"

The appointee, who was then clerk of the court, continued to be such until the end of his term of office in September, 1874, when he surrendered all the papers and effects belonging to the office to his successor, retaining however the estate of the infants in his hands and acting thereafter, as before, under his appointment as receiver.  At spring term, 1875, the defendant, Brandon, rendered his account of the administration of the estate, with the vouchers and effects thereof, and tendered his resignation, when the court suggested the name of another person in his place, who refused the appointment, and no further action was then had.  At this time the defendant had faithfully managed the funds—making regular annual returns—and had wasted and misapplied no part of it.

At fall term, 1878, the following order was entered:

"This cause coming on to be heard, and it being made known to the court that the estates of the following named infants (naming them) are in the hands of Henry F. Brandon, as receiver, who has given no bond or other security for the protection of the same, it is therefore, on motion of F. N. Strudwick, solicitor, acting on this behalf, ordered that the said Brandon give a bond with good and sufficient

9

sureties, in double the amount of the value of the estates in his hands, and justify the same before the clerk of this court, within thirty days from the last day of this term ; or, in case he fail to do so, then that he file with the clerk a sworn statement of his account as receiver of said estates, and that he pay all that may be in his hands for said infants, with-out further delay, to the clerk of this court, who is appoint-ed receiver of the estates of said infants."

The defendant, Brandon, failing to comply with the order the present action is instituted against him and the other defendants, sureties to his official bond, given for securing the faithful discharge of his duties as clerk, to charge them with the trust fund wasted and misapplied while in his hands as receiver ; and the only question presented in the record for us to solve is, whether the defendants are respon-sible in damages for his default.

To repel the allegation that the receivership was conferred upon the said Brandon in his official capacity as clerk, and to show that the appointment was entirely personal, the de-fendants were permitted, after objection, to prove by wit-nesses that at the time when the order appointing a receiver was entered, it was distinctly understood and admitted by the solicitor and the special counsel appearing and acting for the infants, in open court, before the presiding judge, that the appointment was, in legal effect and so intended to be, individual and imposing no obligation on the sureties to the official bond, and that until this assurance was given Brandon declared his unwillingness to bind his sureties for this new duty, and sooner than do so, he would resign his office ; and that it was then made known that a guardian would soon be appointed and the appointment of receiver was intended to be temporary only.

Upon the facts thus proved, the court ruled that the sure-ties were not bound for the default of the receiver, the ap-pointment being personal, and that they recover their costs

against the plaintiff, and from this judgment the plaintiff appeals.

The cases cited in the brief of the plaintiff's counsel establish the proposition that when an officer of the court, designated either by his official or individual name in the order, is commissioned to make sale of real or personal estate, he acts in his official capacity and his sureties undertake for the fidelity of his conduct. *Judges* v. *Dean*, 2 Hawks, 93; *McNeil* v. *Morrison*, 63 N. C., 508; *Cox* v. *Blair*, 76 N. C., 78. In such sales, when of land, the statute provides that " the court may authorize *any officer thereof,* or any other competent person to act." Bat. Rev., ch. 84., § 15. And when of personal property, that " the court shall order a sale to be made by *some officer of the court,* or other competent person." *Ibid.*, § 29. So READE, J., declares in *McNeil* v. *Morrison*, that " whenever the person who is clerk is appointed, it is to be taken that he is appointed in his official capacity." To the same effect is the language of BYNUM, J., in *Cox* v. *Blair*. These decisions rest upon the phraseology and presumed intent of the statute, which differs somewhat from that employed when a receiver is to be appointed, and which directs the designation " of some discreet person " for that place. Bat. Rev. ch. 53, § 22.

The plain import of the order of appointment without the aid of extrinsic evidence, in our opinion, and the subsequent action of the court in the cause, restrict it to the defendant as an individual, in like manner as if he were not the clerk. No reference is made to the office in the statute nor in the order, and we see no reason for giving it a wider scope or different effect than it would have in other cases. While then we interpret the judgment from its own terms as having the legal operation intended by the court and by the parties, as the evidence discloses, and to impose upon the appointee a personal obligation only, we do not admit that it can be controlled or modified by evidence

*dehors* the record as to what it was understood to be. "The records may be identified by testimony," says RUFFIN, J., in *Wade v. Odeneal,* 3 Dev., 423; " but their contents cannot be altered or meaning explained by parol." It would lead to mischievous consequences if the written memorials of the action of a court could be varied or explained by outside evidence of their meaning. They may be amended so as to speak the truth and in furtherance of right, but while they stand, their import is a pure matter of construction as other writings, and for reasons quite as strong.

But the error in admitting the testimony is harmless, since our construction of the order is the same as if it had not been heard, and the exception is consequently without practical force.

It must therefore be declared there is no error in the ruling of the court and the judgment must be affirmed. Let this be certified that the cause may proceed in the court below.

No error.                                   Affirmed.