A. A. McLEAN and others *v.* JOHN PATTERSON and others.

## *Deed—Sale by Administrator.*

Where a deed is executed by an administrator in pursuance of a decree to sell land to pay debts, the fact that the grantor signs the deed "as administrator" and not "as commissioner" does not operate to impair its effect in conveying title to the land therein described.

(*McNeill* v. *Morrison*, 63 N. C., 508; *Havens* v. *Lathene*, 75 N. C., 505; *Cox* v. *Blair*, 76 N. C., 78, cited and approved.)

CIVIL ACTION to recover land tried at Fall Term, 1879, of ROBESON Superior Court, before *Seymour, J.*

Verdict and judgment for defendants, appeal by plaintiffs.

*Messrs. McNeill & McNeill* and *W. F. French*, for plaintiffs.
*Messrs. Rowland & McLean*, for defendants.

SMITH, C. J. The plaintiffs derive title to the land in dispute under a grant from the state, issued in June, 1795, and a succession of conveyances thence to Joseph Thompson and Robert S. French, and a deed from the latter, executed March 11th, 1856, to Gilbert M. McLean, the ancestor of the plaintiffs.

The defendant introduced in evidence a transcript of the late county court, showing an application of A. A. McLean, one of the plaintiffs, and administrator of the intestate Gilbert M. McLean, for license to sell said land for assets to pay debts, the order licensing and directing the sale by the administrator, the report of sale and its confirmation, and a decree authorizing him to make title to John A. Sanders, the purchaser, and also the deed of the administrator, dated June 1st, 1866, conveying the premises to him. This deed describes the land as being "in the county of Robeson, on the east side of Shoeheel and east side of Long Branch, and on both sides of the Black Branch, adjoining the lands of Daniel Patterson, now deceased, Duncan Smith, deceased, Edward Wilkerson, John Patterson, Murphy C. McNair, Daniel H., and John McLean, and lands of Angus McLean, deceased, and embracing the lands conveyed by R. S. French and Joseph Thompson, to G. M. McLean, March 11th, 1856, and registered in book D. D., page 323, register's office of Robeson county, beginning at, &c., describing by course and distance and occasional calls for lines of adjoining proprietors, the several boundaries of the tract, and excepting therefrom 105 acres, included, but not intended to be conveyed. This description is identical with that contained in the deed from French and Thompson to the intestate down to the reference to their deed, the difference consisting in the designation of the boundary lines specifically set out as aforesaid in the administrator's deed.

The jury, under the charge of the court, rendered a general verdict for the defendant, which, on enquiry from the court, they stated, was based on the ground that the title had passed from the heirs at law, by the administrator's deed. The record shows two exceptions taken by the plaintiffs, viz:

1. To the validity of the deed to Sanders, because it is signed by A. A. McLean, not as commissioner, but with the

suffix to his name, "administrator of the estate of G. M. McLean."

2. To the instructions given to the jury.

The objection to the sufficiency of the deed, because of the manner in which it is signed, is untenable. The statute declares that, "upon the report coming in of the sale and confirmation thereof, title shall be made by such person, and at such time as the court may prescribe." Bat. Rev., ch. 45, § 68. Language of similar import is employed in reference to the sale of land for partition : "The court may authorize any officer thereof, or any other competent person, to be designated in the decree of sale, to sell the real estate under this proceeding." *Ibid.*, ch. 84, § 15.

The usual and preferable practice is to appoint the clerk to make the sales required in partition, as an official act, covered and protected by his bond, and in discharging the duty he need not name himself commissioner. *McNeill* v. *Morrison*, 63 N. C., 508; *Havens* v. *Lathene*, 75 N. C., 505; *Cox* v. *Blair*, 76 N. C., 78. The same practice, and for like reasons, is pursued in sales of an intestate's land for the payment of his debts. The court here directed the administrator to convey the estate descended to the plaintiffs, and this order fully authorizes the deed. The body of the instrument shows it was executed in pursuance of the decree, and by virtue of the power therein conferred, and neither does the absence of the word commissioner, or the presence of those superadded, expressing his representative character, impair its force and operation in transferring the estate.

2. The instructions of the judge are, in like manner, obnoxious to no just complaint of the appellants. These were quite as favorable as they could require. The charge in substance is that if the deed from A. A. McLean, in defining and describing the land by metes and bounds, did not include that claimed by the plaintiffs, their verdict should be for the latter; that if this description could not be loca-

ted and fitted, the verdict should be for the defendant, inasmuch as the deed there identifies the land as that conveyed in the deed to the intestate, G. M. McLean.

The charge is undoubtedly correct. Aside from the additional recital of boundaries, the land is described in both deeds in the very same terms, and by express reference in the latter to the first deed, as embracing the land intended to be conveyed to the said Sanders. The only possible uncertainty springs from the special mention of the boundary lines, and this is removed by the ascertained inability of fitting them to any different tract. Indeed, without this finding, and upon the admitted facts, the court might properly have told the jury, as the opinion was expressed after verdict, that upon the construction of the deed to Sanders, its legal effect was to divest the estate out of the plaintiffs, and they were not entitled to recover. Certainly they can not complain that this question, as to the land conveyed, was left to the jury.

There is no error, and the judgment must be affirmed.

No error.                                    Affirmed.