STATE ex rel. FRED. ROGERS v. N. R. ODOM and others.

*Clerk of Superior Court, bond of not liable for his acts as Receiver, except under the Statute.*

1. The sureties upon the bond of a clerk are not liable for the misappropriation of funds which came into his hands as *receiver*, and over which the court had acquired no control.

2. But where the appointment of receiver is conferred upon him under the statute authorizing the court to commit the estate of an infant to "some discreet person," *it was held* that the same is protected by his bond as clerk. Bat. Rev., ch. 53, §§ 22, 47.

(*Kerr* v. *Brandon*, 84 N. C., 128; *State* v. *Long*, 8 Ired., 415, cited and approved.)

CIVIL ACTION, tried at Fall Term, 1881, of NORTHAMPTON Superior Court, before *Gilmer, J.*

This case was tried upon complaint and demurrer. The allegations of the complaint are as follows: The defendant Odom was clerk of the superior court of Northampton county in 1879, and the other defendants were the sureties on his bond as such. At spring term, 1879, of said court, the relators, being infants without guardian and entitled to one thousand dollars each in a fund arising from a life policy in the "Virginia Protective Life Insurance Company," upon the life of their deceased father, filed their petition by their mother as their next friend, in which it was alleged to be "necessary that a receiver be appointed to collect, receive and manage said money for their use and benefit, and prayed judgment that Noah R. Odom, clerk of said superior court, be appointed receiver of said fund with power to sue for, collect, receive and manage the same for their use and benefit."

At the same term, "it was adjudged by the court that the said N. R. Odom, clerk of the superior court of said county, be appointed receiver of said fund, with power and authority

to sue for, collect, receive and manage the same for the proper use and benefit of said minors." The said Odom, being clerk as aforesaid, and receiver, collected the money from the insurance company, and having converted it to his own use and become insolvent, failed to pay the relators, though demanded of him. And they thereupon bring this action, in which they seek to recover the amount so collected from the defendant Odom and his sureties.

The grounds assigned for the demurrer are:

1. The facts alleged in the complaint do not constitute a breach of the bond sued on.

2. The facts alleged do not show that the money mentioned in the complaint was received by the defendant Odom " by virtue or color of his office," as clerk of the superior court.

3. It does not appear from the complaint that the judge of the superior court had jurisdiction to appoint a receiver of the estate of the relators.

From a judgment sustaining the demurrer the plaintiffs appeal.

*Mr. Thomas N. Hill*, for plaintiff.
*Messrs. R. B. Peebles* and *Reade, Busbee & Busbee*, for defendants.

RUFFIN, J. The order of the superior court admits of but one construction. After appointing N. R. Odom, clerk of the superior court, receiver of the fund, it confers upon him " the power and authority to sue for, receive, collect and manage the same for the benefit of the minors."

The fund therefore came to his hands as *receiver*, and was never held by him in any other capacity. So that the principal, and in fact, the only question necessary to be considered is, whether a liability attaches to his sureties as clerk, for the misappropriation of the fund so received and

28

held; and as to this, we concur in the opinion entertained by His Honor who presided in the court below.

As he seems to have done, so do we look upon the appointment of *receiver* as altogether distinct from the office of clerk, and as imposing duties in no wise appertaining to that office, and which do not fall within the covenants of the bond given as clerk. And we know of no principle which can justify a court in extending the undertaking of a surety beyond the terms and spirit of the contract into which he has entered.

That the two offices are wholly disconnected, appears to be certain from an examination of the authorities. In 3 Daniel's, Ch. Prac., 1972, it is said, that the rule in England is that a master in chancery *cannot be appointed a receiver*, because it is his duty to pass upon the accounts of those who hold such appointments under the courts. Again, it is said in High on Receivers, § 71, that while there are some reported cases in which the courts have appointed their clerks as receivers, yet the clerk is not by virtue of his office a receiver of the court, his functions being entirely distinct from those of receiver. In *Waters* v. *Carroll*, 9 Yerger, 102, the supreme court of the state of Tennessee held that the offices of clerk and m.ster in chancery, and of receiver, are in their nature and functions distinct, and that the sureties of a person as clerk and master would not be liable for the loss of money held as *receiver;* and this decision has been twice approved by the same court in *Williams* v. *Bowman*, 3 Head., 681, and *State* v. *Blakemore*, 7 Heisk., 638; and by the supreme court of Illinois in *Hammer* v. *Kaufman*, 39 Ill., 87, where it is said that the clerk is not by virtue of his office a receiver of the court, or bound against his will to act as such.

By reason of a practice which has so long obtained in the courts, that parties are presumed to know of it and to contract with reference to it, the clerks of the courts may have

committed to their keeping and management funds that have, for any reason, been brought under the actual custody or immediate cognizance of the court; or by virtue of some express statute, they may by direction of the court be charged with the duty of selling property and with the collection and preservation of the proceeds; and in all such cases the sureties on the official bonds, equally with the principals, are bound for the safety of the funds, and the faithful performance of every duty pertaining to the trust.

Many of the decisions of this court bearing upon the subject were brought under review quite recently, in *Kerr* v. *Brandon*, 84 N. C., 128, and the grounds upon which they rested adverted to. We still adhere to them all, as well as to the cases cited by counsel in their briefs. But we know of no authority which would warrant the court in affixing to the office of clerk a responsibility for a receivership, such as this, of property over which the court had not only acquired no control, but which consisted merely of a debt due from a foreign corporation, and was thus wholly removed from the court's jurisdiction. Such an appointment as receiver is as absolutely distinct from the office of clerk as if the two had been filled by different individuals, and could never have been within the contemplation of the sureties, when contracting for the fidelity of their principal in his capacity of clerk.

The clerks of our superior courts give bonds in the sum of ten thousand dollars merely conditioned to be void if they shall account for and pay over "all moneys and effects which may come to their hands by virtue or color of their offices," &c. Bat. Rev., ch. 17, § 137. The primary object of these securities has been generally thought to be, to insure the certain payment of such sums as may be paid into office upon executions, the fees due to officers and private individuals, the fines and amercements due the state, and the like; and yet how slight a protection do they afford if held

to embrace, as well, property of all sorts, that may be received by virtue or color of every receivership, that may be conferred upon the incumbents of those offices.

Take for instance the receivership of a railroad—grown so common of late. Can any one suppose that a court could, in the mere exercise of its discretion, impose such a burden upon its clerk and require its acceptance? To say nothing of the inconvenience to the public, by reason of the loss of the officer's time and attention to duties more properly belonging to the office, would it not be considered in the highest degree unjust and unreasonable to attach a liability, so unexpected to his sureties, whose contract touched the clerkship alone? if so, why not then in this case, in which the principle is exactly the same, though the risk may be less as to the amount involved. Every consideration, therefore, whether it be the weight of authority or of right principle, constrains us to sustain His Honor's ruling in the court below, as being just to the defendant sureties, though it result in a loss to the plaintiffs. As said in the *State* v. *Long*, 8 Ired., 415, these parties are liable *upon a contract* expressed in definite terms, and their liability cannot be carried beyond the fair meaning of those terms, read in the light of the statutes defining the duties of the clerk, and the powers of the court and its well known practice and custom.

To avoid misunderstanding in future, we deem it proper to notice a position taken by defendants' counsel and argued with ingenuity, to the effect that the sureties of a clerk could not be held responsible for his good conduct as receiver under an appointment conferred upon him by virtue of the statute (Bat. Rev., ch. 53, § § 22 and 47,) which authorizes the court at the instance of the solicitor of the district to commit the estate of an infant having no guardian, or whose guardian has defaulted, to "some discreet person." In the corresponding sections of the Revised Code the words employed to designate the person to be appointed, are, "the

clerk and master or other discreet person," and the argument is that by thus changing the phraseology, the legislature manifested its intention that such appointments should no longer be conferred upon the officers of the court. In this view of counsel we cannot concur, but rather think that the discrepancy between the two statutes resulted from the fact, that about that time the office of clerk and master was abolished, and hence all mention of it was omitted The court cannot but take notice of the fact that since the new statute, the court has been in the habit of bestowing such appointments upon their clerks, oftentimes against · their will, and under the conviction that their bonds afforded protection for the funds and effects committed to them, and that according to the understanding of all parties both before and after the acceptance of the office of clerk, the courts had the right to do as they have done; hence we conclude that in such cases the sureties are accountable, the office being taken *cum onere.*

But in this case there could have been no such understanding of the parties, and the sureties on the defendant Odom's bond, as clerk, were properly acquitted of all liability to the plaintiffs.

No error. Affirmed.