ANDREW SYME, Adm'r, v. J. N. BUNTING and others.

*Official Bond of Clerk, liability of before and since The Code—*
*Receiver.*

The sureties on a clerk's official bond, executed before THE CODE went into effect, are not liable for a default of their principal in the management of a fund which came into his hands as receiver where the order of appointment does not name him as clerk. But such bond, under THE CODE, §§ 72, 1585, protects interests confided to clerks when appointed receivers.

(*Wilmington* v. *Nutt*, 80 N. C., 265; *Kerr* v. *Brandon*, 84 N. C., 128; *Rogers* v. *Odom*, 86 N. C., 432, cited and approved.)

CIVIL ACTION, tried at Fall Term, 1884, of WAKE Superior Court, before *Gudger, J.*

This action was brought in the name of the state on relation of the plaintiff administrator, upon the official bond of the defendant, executed when he was clerk of the superior court. The case was heard upon exceptions to a referee's report, and from the ruling and judgment of the

court below the plaintiff appealed. The facts appear in the opinion here.

*Messrs. Strong & Smedes* and *Pace & Holding,* for plaintiff.
*Messrs. John Devereux, Jr.* and *J. W. Hinsdale,* for defendants.

SMITH, C. J. In an action pending in the superior court of Wake, at fall term, 1869, prosecuted by the solicitor against H. A. Hodge, guardian to one Woodson Carpenter, (a lunatic and the present relator's intestate) for an account and settlement of the trust estate under the statute, an interlocutory judgment was entered in these terms:

"This cause, coming on to be heard upon the complaint of the plaintiff, it is ordered and adjudged that George H. Snow be appointed to take an account of said guardianship:

"That John N. Bunting be appointed receiver to take possession and manage said estate, subject to the orders of this court."

By virtue of the appointment the said receiver, then clerk of the court, by renting and otherwise, came into possession of a fund of several hundred dollars belonging to said lunatic, to recover which the present action is constituted against said Bunting and the other defendants, sureties to his official bond, given to secure the faithful discharge of his duties as clerk, no bond having been required to secure the estate passing into his hands as receiver under said appointment.

Under an order of reference a report was made showing to be in the hands of said Bunting the sum of $383.39 not accounted for, and for which he was liable to the relator. The referee also finds as matter of law, that the official bond of Bunting as clerk, to enforce which the suit is brought, does not cover his liabilities incurred under the appointment as receiver, and that the sureties thereon are not re-

4

sponsible for the default, so that while the relator is entitled to judgment against Bunting personally, he cannot recover against his said sureties. The relator excepted to the referee's conclusion of law in regard to the obligation of the sureties, which being overruled and judgment rendered in favor of the sureties, the relator appeals.

The only question presented for solution is, whether the lunatic's estate is protected and secured by the official bond of the clerk, upon whom, without naming him as such in the order of appointment, the office was devolved, and whether his sureties undertake for this default.

The statute in force when the bond sued on was given, and with whose provisions, as stated in the complaint, we assume that it conforms, directs the condition to be that " he shall account for and pay over according to law all moneys and effects which have come or may come into his hands *by virtue or color of his office,* and shall diligently preserve and take care of all books, records, papers and property which have come, or may come into his possession *by virtue or color of his office,* and shall in all things faithfully perform the duties of *his office as they now are or thereafter shall be prescribed by law.*"

The words used in the concluding clause we have interpreted in *Wilmington* v. *Nutt,* 80 N. C., 265, as contemplating the future annexation of such other duties as are germane and appropriate to the office itself, inclusive of such as lie along the shadowy line which marks the distinction between those that are, and those that are not of that character.

The terms of the condition measure the obligation assumed in respect to moneys and effects *officially received,* as being limited to such as pass into the clerk's hands "*by virtue or color of his office,*" and as a security for these only. The form of the bond as prescribed in THE CODE, § 72, much enlarges the scope of the obligation, by adding to the words quoted, "or under an order or decree of a judge, even

though such order or decree be void for want of jurisdiction or other irregularities;" but this provision is prospective, applying to bonds thereafter entered into, and does not effect the responsibilities of the bond now in suit.

In *Kerr* v. *Brandon,* 84 N. C., 128, in a similar proceeding the clerk of the court, without being designated in his official capacity, was appointed receiver, and the estate of infants committed to his management, and it was held that the appointment was *personal* and the clerk's bond was not chargeable with his defalcation or waste; and this, mainly for the reason that the duties devolving upon a receiver differ too widely from those resting upon the clerk and involve such wide responsibilities as not to be deemed to have been in contemplation of the provision of the bond that takes in newly imposed clerical duties. The opinion proceeds upon the ground that the clerk is not mentioned in the statute, but the appointment is to be "of some discreet person," while in the cases in which official liability is incurred, the officer is specially mentioned in the acts to whom the duties required may be assigned, and who acts in his official character, named or not named in their performance.

In the later case of *Rogers* v. *Odom,* 86 N. C., 432, while numerous authorities are referred to distinguishing between the functions exercised by these respective judicial agencies, and it is held that the clerk's bond was not responsible for funds, not under the control of the court when committed to the custody of the clerk, (appointed a receiver and so named in the order), in the opinion it is intimated that it might be otherwise if the fund was then under the control of the court.

It may be observed that while such a burden, as might sometimes be imposed upon the clerk, as in case of a dissolved corporation with large resources, and others not now uncommon, might, if the estate is wasted or impaired by

negligence, absorb the penalty of the bond and leave suitors and others unsecured and injured by these officers' misconduct or loss, the difficulty would be wholly obviated by requiring a bond from the receiver in amount adequate to afford compensation for persons injured by misconduct in the receiver, while the clerk's bond would be unimpaired and remain a full security against loss from his default.

It can scarcely be presumed that the sureties to such a bond executed it with an understanding that interests, sometimes so complicated and vast, might be committed to the officer for the faithful management of which they were to become liable, where the condition is confined to moneys and effects or papers passing into his hands, "by virtue or color of his office," and the proper duties of the office are so many and so varied.

The general assembly, however, have seen fit to remove this source of controversy by adding to the words we have quoted, "or under an order or decree of a judge even though such order or decree be void for want of jurisdiction or other irregularities," (section 72;) and by prefixing to the words "some discreet person," the words "clerk of the superior court, or." (Section 1585.)

These changes seem to indicate the legislative intent to expand the scope of the clerk's bond so as to take in and protect the interests confided to his keeping under the appointment of a receiver, and such will be the extent of the obligation entered into by the clerk and his sureties in a bond executed since THE CODE went into operation. Of the wisdom of dispensing with a separate bond from a receiver and adding his to the responsibilities of the clerk, we have nothing to do; but as the law existing and in force when the present bond was given does not have such effect, in submission to the rule already adjudged we must hold the sureties, defendants, exonerated from responsibility for the

default of the clerk.    There is no error and the ruling must be affirmed.    It is so adjudged.

No error.                                                    Affirmed.