This action is founded on the official bond of Howell Jones as clerk and master in equity for Hertford County. The bond and the breaches are set forth in the declaration according to a practice which is sanctioned by authority, and to which there appears to be no well founded objection. 2 Chitty, 153. The breach assigned produced the only question which was agitated in the Superior Court, viz., whether the sale directed to be made by the clerk and master was an official act and such an one as came within the scope of the condition of the bond. The sale of land, where a division among the claimants is inconvenient, is a power recently conferred upon the courts of equity; but a sale under a decree in a vast variety of cases belongs to its ancient jurisdiction, and is probably coeval with the court itself. The direction of such sales has been constantly confided to the master in chancery in England and to the clerk and master here; and it is better for the suitors that their interest should be managed by an officer of the court, whom it may control and whose responsibility is secured (96) by a bond and an oath, than by a stranger. My opinion, therefore, coincides on this point with that of the judge who tried the cause.
It is objected in this Court that the condition of the bond varies from that prescribed by law, which is "for the safe-keeping the records and *Page 59 
the faithful discharge of his duty in office." But paying over moneys received by him in his official character to the person entitled is included in the faithful discharge of his duty in office; and to express in the condition of the bond what the law would have implied from the other words inserted cannot affect the validity of the bond. The specification was superfluous and did no good, but strike it out and the bond contains the condition required by law. Surplusage does not vitiate even in an indictment. It is further objected that no demand was made of these bonds by the persons entitled to receive them. I think the law imposes it as a duty upon the persons to whom these bonds were delivered to make a demand of them at the office of the defendant, who might by his pleading have called for proof of the fact. But the affirmative plea of performance of covenant waives it, and the defendant undertakes to prove whatever is necessary for his defense. 12 Mod., 414. The declaration appears to express sufficiently for whose use the action is brought.