Reade, J.
 

 For the defendant it was insisted that no recovery could be had by this proceeding, unless the same could be had in an action of debt upon his official bond; and many authorities were cited to show that, in an action upon the bond, no recovery can be had except for some liability incurred by virtue of the office, and that “by virtue of the office” means in the rightful discharge of its duties; as, for instance, money rightfully collected, and not for money wrongfully collected.
 

 It must be admitted that in a suit on the bond there can be no recovery, except for some breach of the bond; and the bond is “conditioned for the safe keeping of the records, the due collection, accounting for and paying all moneys
 
 *383
 
 which, may come into his hands by virtue of his office, and for the faithful discharge of the duties of his office in all respects whatever.” In order to recover in a suit upon the bond, it is necessary to show either: 1. That he did not keep the records. 2. That he did not collect. 3. That he did not account for and pay money which came into his hands by virtue of his office. 4. Or that he neglected to discharge the duties of his office. And then it is insisted that what is charged against the defendant is not a breach of his bond in any of these particulars. Questions upon the liability of officers on their bonds have been so often before the court, and so fully discussed in the cases cited at the bar, that we forbear any further discussion of them in this case. Nor do we think it necessary to decide whether the act complained of was a breach of the bond, because the defendant may be subjected in this proceeding to a liability which could not be assigned as a breach of his bond. The difference is, that in a suit on the bond the .act complained of must be done by
 
 virtue
 
 of his office; in this proceeding it is sufficient if done by virtue, or under color, of his office. Rev. Code, c. 78, s. 5.
 

 But the defendants insist that
 
 by virtue
 
 and
 
 under color
 
 mean the same thing. They mean very different things. For instance, the proper fees are received
 
 by virtue
 
 of the office; extortion is
 
 under color
 
 of the office. Any
 
 rightful
 
 act in office is
 
 by virtue
 
 of the office. A wrongful act in office may be
 
 under color
 
 of the office.
 
 Golor
 
 in law means not the thing itself, but only an appearance thereof; as,
 
 color of title
 
 means only the appearance of title. In the pase before us the defendant sold the property as Clerk and Master, received the money and gave a receipt for it as Clerk and Master, and yet, because he received it before it was due, and before he was ordered to receive it, he insists that he received it wrongfully, when he had no right to receive it as Clerk and Master, and that, therefore, he did not receive it by virtue of his office, and that there is no breach of his
 
 *384
 
 bond in not accounting for it. Now, suppose that to be true, can it be said that he did not receive, it under
 
 color
 
 of his office ? Did he not
 
 appear
 
 to be acting officially
 
 ?
 
 It is not denied that he professed to be, and that he appeared to be, acting officially. And, as sworn officers are presumed to do their official duties correctly, and as every reasonable intendment must be made in favor of their acts, we are to presume that he not only appeared to be acting by virtue of his office, but that he really thought he was acting rightfully. To suppose the contrary would be to impute a grave offense. “ For the justices did ever appoint their clerks, some of which after grew by prescription to be officers in their courts. And they did ever appoint those who had the greatest knowledge and skill. And they are to enter, enrol, or effect that which the justices do adjudge, award, or order; the insufficient doing whereof maketh the proceedings of the justices erroneous; than the which nothing can be more dishonorable and grievous to the justices, and -prej udicial to the party.” Bac. Abr., Title “ Offices,” L. D.
 

 Whether or not the defendant received the money by virtue of his office so as to make him liable in a suit on his bond, we are clearly of the opinion that he did receive it by color oí his office, and that he and his sureties are liable in this proceeding.
 

 After the opinions in this case were filed, our attention was called by Mr. Moore to the order of Gen. Sickles, No. 10, s. 2. We do not consider that order as forbidding the several ¿courts in the State from proceeding with the trial of cases at law or the hearing of cases in equity and rendering judgments and decrees thereon; but that it forbids execution to issue, — in analogy to injunction cases when the court proceeds to judgment and the execution is enjoined.
 

 In the case before us section 16 of the order has application, the proceeding being in behalf of a minor, and minors come of age, against a Clerk and Master. So, although
 
 *385
 
 there are other parties who are adults, it is nevertheless necessary for the court to decide the case which is before us by appeal and give judgment, that execution may issue in favor of the minors.
 

 This is our view on the supposition that the cause of action did not accrue until after the 19th December, 1860. That depends upon whether the default was in receiving the money in the first instance, instead of taking bond and security, (in May, I860,) or in failing to pay over when called on after the year 1860. We are not, however, called on to decide the question, as in either point of view we are of opinion that the order does not forbid the court from rendering judgments and decrees, but only suspends the issuing of execution.