E. E. GREENLEE v. W. S. SUDDERTH, et al.

1. The receipt by a Clerk of the Superior Court of Confederate money in satisfaction of a docketed execution from this Court, in pursuance of the provisions of the Rev. Code, ch. 33, sec. 6, after such money became depreciated (April, 1862,) in contravention of the directions of the plaintiff, amounts to a satisfaction of the execution to the extent of the value of the Confederate money in gold, to be ascertained by the Legislative scale of the date of such payment, and the Clerk is liable on his bond to the same extent.

2. In such case, the plaintiff may elect to repudiate the action of the Clerk and recover the whole amount due in the execution from the defendant therein, or may ratify his action, and demand of him the amount of the gold value of the Confederate money so received, and recover the balance of his execution from the defendant therein : *aliter*, had the payment been made to the plaintiff.

3. A ratification of the action of the Clerk, beyond the extent of the value of the money, will not be presumed by reason of his demanding in his complaint, judgment for the whole amount of the execution.

4. As the Clerk's liability arises from his agency as above stated, he is not liable for interest until a demand, and in the absence of any evidence of demand in this case, the defendants are liable for interest, only from the commencement of the action.

5. When an execution is issued from the Supreme Court returnable to the Superior Court according to the provisions of the Rev. Code, ch. 33, sec. 6, and was docketed on the execution docket of the latter Court, the execution is treated as received under color and by virtue of the Clerk's office, and he cannot be allowed to suggest irregularities therein.

6. In such case as that above stated, the judgment is not reversed, but judgment is rendered in this Court according to the modification resulting from the opinion, and in this case it was referred to the Clerk to ascertain and report the current rate of gold, and judgment was thereupon rendered in this Court in accordance with the decision. *Broughton* v. *Haywood*, Phil. 80, *Emmerson* v. *Mallett*, Phil. Eq. 234.

This was a civil action brought by the plaintiff against the late Clerk of the Superior Court of Burke County on his official bond, and was tried before his Honor, Judge Mitchell,

and a jury, at the Fall Term, 1870, of BURKE Superior Court.

The facts developed by the testimony were these:

The plaintiff recovered judgment at August Term, 1861, of Supreme Court against one McKesson for about $1,700 and interest. Execution issued thereon for $1,848.34, with interest on $1,486 from 22d November, 1860, returnable to Fall Term, 1861, of Burke Superior Court. No other execution was ever issued. On the 5th day of April, 1862, the defendant, W. S. Sudderth, then Clerk of the Superior Court of Burke County received from the defendant in the execution, McKesson, $2,000 thereon, in confederate money. The words "paid—see execution docket," were endorsed on the execution by said Sudderth. The plaintiff had before the receipt of the confederate money by the Clerk, notified him orally not to receive payment of the execution in anything but specie or greenbacks. The execution docket had been destroyed and there was no evidence of its contents as to the execution. The plaintiff demanded payment of his execution from the defendant Sudderth, while he was still Clerk, but the date of the demand was not shown. The defendants objected that the action should have been brought in the name of the State, but his Honor deemed the objection waived, and that objection was not insisted on in this Court. On behalf of the defendant, his Honor was requested to instruct the jury, that if the defendant Sudderth had been notified not to receive anything but gold or greenbacks, and in violation of such order did thereafter receive confederate money, that it amounted to no satisfaction. This instruction was declined by the Court and the defendants excepted.

The defendants requested his Honor to instruct the jury as above, with the addition that if the defendants in plaintiff's execution were still good for the debt, the plaintiff's damages would only be nominal. This request was also declined. The defendants' counsel requested his Honor to instruct the jury that if all the facts in evidence were true, plaintiff could not recover, which instruction his Honor also declined, but charged

the jury that if the plaintiff had given the defendant, W. S. Sudderth, notice not to receive anything in payment but specie or the lawful currency of the United States, and he afterwards did receive confederate money in payment, that the plaintiff was entitled to recover, and the measure of damages was the amount received by the defendant, W. S. Sudderth.

Under these instructions there was a verdict for the plaintiff. Rule for a new trial. Rule discharged, judgment and appeal by the defendants.

*Furches* and *Fowle* & *Badger*, for plaintiffs.
*Folk*, for defendant.

READE, J. The plaintiff obtained judgment in the Supreme Court, in a suit against McKesson and others; and McKesson paid to the Clerk of Burke Superior Court, the present defendant, $2000, and the Clerk gave McKesson a receipt for that amount as paid upon the plaintiff's execution against McKesson. The payment was on 5th April, 1862, in Confederate treasury notes, and was endorsed upon the execution " paid,—see execution docket." The execution docket was afterwards destroyed by accident.

1. The first allegation urged against the liability of the Clerk and his sureties, is that the execution on which the money was paid was irregularly in his office; for although the statute allows an execution to issue from the Supreme Court, returnable to the Superior Court, yet it directs when that is done, that a certificate of the judgment in the Supreme Court shall be transmitted to the Superior Court and docketed there. Rev. Code, ch. 33, sec. 6. And it did not appear positively that the certificate had been sent down.

The indorsement of the Clerk " paid, see execution docket," was evidence tending to show that it had been sent down and docketed, else what did he mean by—" see execution docket?" And probably it ought to be presumed that it was sent. But

whether the certificate was sent or not, the execution was there docketed, and the Clerk and the parties assumed that it was regular, McKesson paying the money, and the Clerk receiving it. He received it by color, and, as we think, by virtue of his office, and cannot be heard to say that there was some irregularity in the proceedings. *Broughton* v. *Haywood,* Phil. 386.

2. The Clerk and his sureties being liable, the second question is, for how much? The payment was in Confederate treasury notes, which were depreciated; the payment satisfied the debt, not to the nominal amount of the notes, but to the amount of their value in gold : *Emmerson* v. *Mallett,* Phil. Eq., 234. And that is the amount for which the Clerk is liable. If there is a remainder, the defendants in the execution are liable for that. It would have been otherwise, if the payment had been made to the plaintiff himself.

As the Clerk received the notes in April, 1862, when they were not much depreciated, and were generally received in the payment of debts, it would have been a discharge of the debt to the nominal amount of the notes, under the decision in *Atkins* v. *Mooney,* Phil. 31, but the Clerk had express notice not to receive them, and therefore the case of *Atkins* v. *Mooney,* does not apply.

The plaintiff is entitled to treat the clerk as his agent to the extent of the value of what the Clerk received for him, and hold him responsible for that amount; notwithstanding he had instructed him not to receive the notes.

It is true the plaintiff might have repudiated the action of the Clerk and still held the defendant in the execution liable for the full amount, but he was not obliged to do so. And when he seeks to make the Clerk liable for the value of what he received, it is not for the Clerk to say that he received it in disobedience to instruction. His Honor held that the Clerk was liable for the nominal amount of the notes $2,000, because he had received them contrary to instructions. We think that

for that very reason he is not liable for their nominal, but only for their real value.

If his receipt to McKesson had satisfied the execution to the nominal amount of the notes ($2,000), he would have been liable to the plaintiff for the amount; but inasmuch as he had no authority as the plaintiff's agent to receive the notes, and the plaintiff might have repudiated it altogether, it follows that the defendants, McKesson and others, are not discharged at all, except in so far as the plaintiff has subsequently ratified it.

And he has ratified it only to the extent of receiving from the Clerk the *value* of the notes. It is true that the plaintiff in his complaint, demanded of the Clerk the whole amount of his debt against McKesson, and therefore, it may be supposed that he has ratified the action of the Clerk, his agent, in receiving the notes; but that is not true, because while he *demands* the whole amount, he does so, not because he ratifies the act of the Clerk in receiving the *notes* for him but as having received so much value for him, and McKesson will be discharged not to the amount the plaintiff demands, but to the amount of the value of his payment to the Clerk. It was error therefore in his Honor to hold that the Clerk was liable for the nominal amount of the notes, $2,000; he is liable only for their actual value. Treating the Clerk as the plaintiff's agent, he is not liable for interest until the demand. It does not appear when the demand was made and therefore we must take it that he is liable for interest only from the commencement of this action.

The judgment below must be modified and judgment entered in this Court for the value of the $2,000 confederate treasury notes, applying the legislative scale of April, 1862, with interest from the commencement of this action.

This being a modification of the judgment below, each party will pay his own costs in this Court; the plaintiff will have judgment for all other costs.

Judgment modified and judgment here for plaintiff.

PER CURIAM.