F. A. L. CASSIDEY et al. Ex parte.

*Clerk of Superior Court—Executors and Administrators—Jurisdiction.*

1. Moneys paid into the office of the Clerk of the Superior Court by executors, administrators and collectors, under the provisions of The Code, §§1543 and 1544, do not pass into the jurisdiction of the Superior Court, but the Clerk receives and is responsible for them, officially, as a public depository.

2. It is the duty of the Clerk on demand, promptly to pay over such moneys to those who were entitled to receive them from the executor, administrator, or collector ; and should he fail to do so, the same remedies are available against him as are provided by Sections 1510 and 1511 of The Code, against executors, administrators and collectors.

3. The Superior Court has no jurisdiction upon petition, motion or summary orders to direct the disposition of such moneys.

This was an *Ex parte* PETITION to direct the payment of certain moneys, heard before *Clark, Judge,* at September Term, 1886, of the Superior Court of NEW HANOVER.

The facts necessary to an understanding of the questions presented by the appeal are fully stated in the opinion.

*Mr. Charles M. Busbee,* for the petitioners.
No counsel *contra.*

MERRIMON, J. It appears from the case stated on appeal, that Robert Henning, executor of the will of James Cassidey, deceased, had paid to each of five of seven legatees under the will, the amount of his legacy; that as to the other two legatees, to-wit: F. A. L. Cassidey and H. C. Cassidey, for some reason, he did not pay them, but more than twelve months having

elapsed after the date of the letters testamentary, he paid the sum of money, $919.80, due them, one-half to the credit of each, into the office of the Clerk of the Superior Court of New Hanover county, where the letters testamentary were granted, and took the receipt of the Clerk for the same, in exoneration of his liability as executor, as allowed by the statute, (The Code, §§1543, 1544).

Afterwards the last named legatees demanded of the Clerk of the Court mentioned, that he pay to them the money so in his office, according to their respective rights. For causes not necessary to be stated here, the Clerk declined to do so.

Thereupon they filed their *ex parte* petition in the Superior Court, alleging the facts and circumstances in relation to the fund last mentioned, and praying that the Court should make an order directing such application of the fund, as was indicated in the petition.

The Clerk undertook to hear the petition, and upon consideration thereof, he refused to pay or apply the fund in his office as prayed for in the petition, and made an order to that effect, from which the petitioners appealed to the Judge in Term. In Term the Judge dismissed the petition, upon the ground that it was irregular and wholly without warrant of law.

The petitioners excepted and appealed to this Court.

The Court very properly dismissed the petition. There is no statutory provision that authorizes it, nor can it be upheld upon general principles of law or practice.

The statute (The Code, §§1543, 1544), provides that, "It shall be competent for any executor, administrator or collector, at any time after twelve months from the date of letters testamentary or of administration, to pay into the office of Clerk of the Superior Court of the county where such letters were granted, any moneys belonging to the legatees or distributees of the estate of his testator or intestate, and such payment shall have the effect to discharge such executor, administrator or collector, and his sureties on his official bond, to the extent of the amount so paid.

Sec. 1544: It shall be the duty of the Clerk in the cases provided for in the preceding section, to receive such money from any executor, administrator or collector, and to execute a receipt for the same under the seal of his office."

It must be observed, that the moneys thus authorized to be paid into the office of the Clerk, do not, when paid in, pass within the jurisdiction and control of the Superior Court. The Clerk receives, takes charge of, is chargeable with, has control of, and is answerable for them, by virtue of and in exercise of his powers, duties and authority distinct from those as Clerk of the Court. The statute does not, in terms or effect, place such moneys within the jurisdiction and control of the Superior Court, so that it could, upon summary application, or by motion or petition, direct the payment of them to such persons as may be entitled to have them. Such moneys may be paid into "*the office of the Clerk*"—not into the Court. Nor is there anything in the nature of the office of Clerk, that implies that the Court shall have control of it, especially as the Clerk is charged by statute with many duties apart from the ordinary duties of his office as Clerk of the Court. That this is the proper interpretation of the statute, is made more manifest by the fact, that the original statute (Act 1881, Chap. 305, §§1, 3), which is in substance that now in The Code set forth above, in terms provides that such moneys may be paid "into the office of the Judge of Probate," and it is made the duty of the "Judge of Probate" to give receipt, &c. The draftsman of the original statute, obviously was not advertent to the fact, that at the time it passed the Legislature there was no Judge of Probate, so denominated by law, but the Clerk was commonly called the Judge of Probate, and by statute he exercised, by virtue of his office as Clerk, probate powers, and had jurisdiction of matters of probate. The statutory provision above set forth, plainly so modifies the original statute as to make it harmonize with other statutes prescribing and defining the powers of the Clerk separate and apart from his ordinary duties as Clerk.

The statute does not in terms prescribe what disposition the Clerk shall make of moneys thus paid into his office, but clearly he is answerable for them officially, and the plain and necessary implication is, that he must receive, keep, dispose of or pay them out to, or for the benefit of those persons entitled to them while they remained in the hands of the executor, administrator or collector, unless after he received them, their respective rights should in some way pass to other persons, or be modified by some event or circumstance, in which case he should pay them to the persons entitled. He must receive such moneys and dispose of them as the executor, administrator or collector ought and might be required to do, if respectively they had not paid them into the office of Clerk. The purpose of the statute is to provide a safe public depository for such moneys, and the exoneration of executors, administrators and collectors, if in the case provided for, they shall see fit to avail themselves of the benefit of the provision made.

The Clerk ought at all times to pay promptly any such moneys in his office to the persons properly entitled to receive them, but if for any cause, upon demand, he will not, then the person or persons entitled, may have his or their remedy by special proceeding or civil action in the Superior Court, as allowed by the statute (The Code, §§1510, 1511), against executors, administrators or collectors for the recovery of legacies and distributive shares, and no doubt the Clerk might have relief by action in a possible case, when it is doubtful who is entitled to have the moneys in his office if the party claiming will not assert his right.

It is manifest that the petitioners misapprehended their remedy, and the Clerk his duties and powers. The latter seems to have thought that he was acting as and for the Court, in respect to a matter of which it had jurisdiction without summons, special proceeding, or civil action.

There is no error. The judgment must be affirmed.

No error.                                        Affirmed.