## SMITH v. PATTON.

(Filed December 2, 1902.)

1. CLERKS OF COURTS—*Bonds—Commissioners—Acts 1889, Chap. 470—Acts (Private) 1891, Chap. 41, Sec. 2—The Code, Sec. 72.*

A clerk of the superior court is liable on his bond as insurer for funds paid him by a commissioner in partition proceedings.

2. PARTIES—*Clerks of Courts—The Code, Sec. 1883.*

Under The Code, Sec. 1883, claimants of a fund arising from a partition sale are the proper parties to sue on bond of the clerk for failure of clerk to pay funds paid him by the commissioners in partition.

ACTION by C. B. Smith, as executor, and others against P. W. Patton and others, heard by Judge *W. B. Councill,* at

Spring Term, 1902, of the Superior Court of BURKE County. From a judgment for the plaintiffs, the defendants appealed.

*J. T. Perkins,* for the plaintiffs.
*A. C. Avery,* for the defendants.

CLARK, J.    Under proceedings to sell land for partition, the commissioner paid the proceeds of the sale into the Clerk's office, taking his receipt therefor as Clerk.    The Clerk deposited the same in the Piedmont Bank, which later failed, and the fund being impaired or lost, this action is to recover the amount so lost, from the Clerk, on his bond.

It is settled in this State that the bond of a public officer is liable for money that comes into his hands as an insurer, and not merely for the exercise of good faith.    *Presson v. Boone,* 108 N. C., 78; *Bd. Education v. Bateman,* 102 N. C., 52; 11 Am. St. Rep., 708; *Morgan v. Smith,* 95 N. C., 396; *Havens v. Lathene,* 75 N. C., 505; *Board of Commissioners v. Clarke,* 73 N. C., 257, and other cases therein cited. Bonds of administrators, executors, guardians, etc., only guarantee good faith.    *Moore v. Eure,* 101 N. C., 11; 9 Am. St. Rep., 17; *Atkinson v. Whitehead,* 66 N. C., 296.

But the defendants contend that there was no law authorizing the Clerk to receive these funds, and therefore the bond is not liable.    Here, the Clerk appointed the commissioner to make the sale, without bond, and on approving his report received and receipted for the proceeds as Clerk, took out his costs, and entered the amount due each heir at law on his docket, and disbursed a portion of said fund to the parties entitled.    This would seem a receipt of the fund by the Clerk "by virtue of his office."    *Cox v. Blair,* 76 N. C., 78; *McNeill v. Morrison,* 63 N. C., 508; *Judges v. Dean,* 9 N. C., 93.

But if this were otherwise, the Clerk received it "as

Clerk," and so receipted for it. This was certainly a receipt of the money "under color of his office," and, indeed, this is admitted in the answer. The older decisions were made when these words were not in the statute. "The broad and comprehensive provision" embracing money received by "color of his office," was enacted to cover the defect by The Code, Sec. 72, and was construed in *Thomas v. Connelly*, 104 N. C., 342, to embrace all cases where the officer received the money in his official capacity, but when he may not be authorized or required to receive the same. In such case, the bond is responsible for the safe custody of the fund so paid in. *Presson v. Boone, supra; Sharp v. Connelly,* 105 N. C., 87; *Thomas v. Connelly,* 104 N. C., 342; *Cassidy Ex Parte,* 95 N. C., 225; *Brown v. Coble,* 76 N. C., 391; *Greenlee v. Sudderth,* 65 N. C., 470; *Broughton v. Haywood,* 61 N. C., 380.

While the charter of the Piedmont Bank, Private Laws 1891, Chap. 41, Sec. 2, authorizes public officers to deposit in said bank any moneys in their custody, it specifies that this shall be subject to the provisions of chapter 470, Laws 1889, which provides that no such provision in any corporation charter "shall operate or be construed to relieve them from official responsibility, or their sureties from liability on their official bonds."

The plaintiffs, claimants of this fund, are entitled to maintain this action. The Code, Sec. 1883; *Daniel v. Grizzard,* 117 N. C., 105.

No Error.