C. L. WILLIAMS, SOLICITOR OF FOURTH NORTH CAROLINA JUDICIAL DISTRICT, ON RELATION OF THE STATE OF NORTH CAROLINA, v. JOHN B. HOOKS ET AL.

(Filed 1 October, 1930.)

1. **Clerks of Court B a—Statute does not require clerk to invest funds paid into his hands for minor under C. S., 148.**

    Where funds belonging to a minor are paid into the hands of the clerk of the Superior Court by an administrator under the provisions of C. S., 148, discharging the administrator and his sureties from liability in regard

thereto, it is not required by statute, C. S., 153, 956, that the clerk invest the funds, upon interest, unless so directed, the clerk being liable for such funds as an insurer, and the clerk and his sureties are not liable for the amount of interest the funds would have drawn if they had been so invested, but if the funds are actually invested by the clerk he is liable for the interest actually received therefrom, since a fiduciary will not be allowed to make a personal profit out of funds committed to his custody.

2. **Appeal and Error K a—Where findings of fact are not sufficient for determination of cause the case will be remanded.**

Where on appeal there is no agreed statement of fact or finding as to whether a deceased clerk of court invested and received interest, for which his estate must account, on a sum paid into his hands under the provisions of C. S.. 148, the case will be remanded for a specific finding in regard thereto.

CIVIL ACTION, before *Sinclair, J.*, at April Term, 1930, of WAYNE. Prior to 1920, John B. Hooks was clerk of the Superior Court of Wayne County and died in office on 28 November, 1929. The defendant, Goldsboro Savings and Trust Company, was appointed receiver of the estate of said clerk in December, 1929. On 16 February, 1920, Clara G. Hill, administratrix of the estate of William L. Hill, paid to John B. Hooks, clerk of the Superior Court of Wayne County, the sum of $2,730.85 for the use of the minor children of the said William L. Hill, deceased. The agreed facts show that "said funds were commingled by the said John B. Hooks, clerk of the Superior Court, with other funds in his office in such manner that it was impossible to identify such funds or any notes or securities in which the same were invested; that the property of the estate of John B. Hooks, clerk of the Superior Court of Wayne County, consisted principally of certificates of deposit, which bore interest at the rate of four per cent per annum and mortgage notes which bore interest at the rate of six per cent per annum; that a considerable portion of the notes held by John B. Hooks, clerk of the Superior Court of Wayne County, are worthless and uncollectible, and that it is impossible at this time to determine the exact amount of the same; that there is no circumstance or evidence to show that any of the worthless notes represented investments of the fund above referred to and no circumstance or evidence to show that John B. Hooks was negligent in investing any of the funds of his estate in said notes which are now worthless."

The record further tends to show that from time to time the said clerk duly paid to said minors the sum of $2,154.10, leaving a balance due of $576.75. The claimants contend that this balance of $576.75 should bear interest from the date it was paid into the clerk's hands, and this interest added to the principal sum due would make a total of $1,695.68. The trial judge allowed the claim to the amount of the

principal, to wit, $576.75, but declined to allow interest, "the court find-ing as a fact and concluding as a matter of law that the receiver is not obligated to pay the said Otis Hill and others any interest on the funds held by J. B. Hooks, C. S. C., for said Otis Hill and others."

From the foregoing judgment claimants appealed.

*R. H. Taylor for claimants.*
*Kenneth C. Royall and J. N. Smith for receiver.*

BROGDEN, J. Is a clerk of the Superior Court liable for interest upon funds paid to him in his official capacity for the use of minors?

The pertinent statutes relating to the subject under discussion are C. S., 148, 153, and 956. C. S., 148, authorizes an administrator or executor to pay into the office of the clerk of the Superior Court any moneys belonging to the legatees or distributees of the estate, and such payment shall operate as a discharge of such administrator or executor and his sureties, to the extent of the amount so paid. It is apparent that this statute was enacted primarily for the relief of executors, adminis-trators and collectors. C. S., 153, authorizes an executor or adminis-trator to file a petition for settlement with an infant or absent defendant and to pay into court the funds in his hands, such funds "to be invested upon interest or otherwise managed under direction of the judge for the use of such absent person or infant." Hence, funds paid into court in pursuance of this statute must be invested "upon interest" if so directed, and if not invested "upon interest" to be "otherwise managed under the direction of the judge," etc.

C. S., 956, requires the clerk of the Superior Court to submit an official report to the county commissioners on the first Monday in De-cember "of all public funds which may be in his hands." Such report "shall give an itemized statement of said funds so held, the date and source upon which they were received, the person to whom due, how invested and where, in whose name deposited, the date of any certificate of deposit, the rate of interest the same is drawing, and other evidence of investment of said funds." Obviously the quoted portion of the statute contemplates the investment of public funds although such in-vestment does not seem to be mandatory. Said section further provides that the report of the clerk "shall include a statement of all funds in their hands by virtue or color of their office." It is to be observed that the latter clause of the section does not mention interest or investment.

It is manifest that there is no mandatory requirement of law, impos-ing upon the clerk of the Superior Court, the express duty of investing funds in his hands belonging to minors. Clerks of Superior Courts fre-quently hold substantial sums of money belonging to minors for long periods of time, and it is a hardship that a person under disability

should be compelled to have his money lie idle, when, by the exercise of sound business prudence and close scrutiny of security required for the protection of the investment, the fund could be materially augmented. Upon the other hand, "it is settled in this State that the bond of a public officer is liable for money that comes into his hands as an insurer and not merely for the exercise of good faith." *S. v. Ehringhaus,* 30 N. C., 7; *Presson v. Boone,* 108 N. C., 79, 12 S. E., 897; *Smith v. Patton,* 131 N. C., 396, 42 S. E., 849; *Gilmore v. Walker,* 195 N. C., 460, 142 S. E., 579, 59 A. L. R., 53. Thus, if the clerk makes an investment in the utmost good faith and in the exercise of sound business judgment, and the investment fails, he is still responsible for the money and must pay it to the person entitled thereto. If he deposits the money in a bank of known and approved solvency and the bank thereafter fails, he must suffer the loss, because if he fails to pay upon demand the law presumes that he misappropriated the fund at the very instant it came into his hands.

In the case at bar, notwithstanding the silence of the law upon the question of interest, it is contended by the claimants that as a matter of fact the clerk invested the funds and collected interest thereon either by means of certificates of deposit or loans upon real estate. If such be the fact, the clerk would be liable for the interest he received, for it is now a truism of the law that no fiduciary can make a personal profit out of funds committed to his custody. There is no agreed statement of fact with reference to this question and no finding by the trial judge. Therefore, the cause is remanded to the Superior Court of Wayne County for a specific finding as to whether the clerk actually received interest upon the fund in controversy, and, if so, the amount thereof. If the deceased clerk did not receive interest upon the fund in controversy, the judgment rendered is correct. If he did receive interest thereon, his estate must account to the claimants for the proper amount thereof.

Remanded.