STATE OF NORTH CAROLINA, ON RELATION OF ALBERT R. THACKER, ADMINISTRATOR OF GEORGE R. THACKER, DECEASED, v. FIDELITY & DEPOSIT COMPANY OF MARYLAND AND AMERICAN SURETY COMPANY OF NEW YORK.

(Filed 20 September, 1939.)

1. Clerks of Court § 18—

Clerks of the Superior Court are insurers and guarantors of funds coming into their hands by virtue or color of their offices.

THACKER v. DEPOSIT CO.

**2. Same: Principal and Surety § 5a—**

Failure of a clerk of the Superior Court to account for funds received by virtue or color of his office upon demand raises the presumption that the money was misappropriated and converted upon receipt, and places the burden upon the clerk or his surety to show the contrary.

**3. Principal and Surety § 5b—**

An official bond of a clerk of the Superior Court is liable only for default occurring during the term for which the bond was given and cannot be held liable for default occurring during a prior or a subsequent term, even though the principal and surety on the bonds for the other terms of office be the same.

**4. Limitation of Actions § 3f—Time from which statute begins to run on bond of clerk.**

The statute of limitations on the bond of a clerk of the Superior Court begins to run at the time of default, which, upon failure of the clerk upon demand to account for funds received by virtue or color of his office, presumptively occurs the date the funds were received, or, upon failure of demand, default occurs upon failure of the clerk to account either to the *cestui que trust* or to the successor clerk at the expiration of the term during which the funds were received, even though the clerk succeeds himself, C. S., 439, and therefore the statute begins to run, at the latest, at the expiration of the term during which the default in fact occurs.

**5. Same: Limitation of Actions § 2c—Actions against sureties on clerk's bonds for terms expiring more than six years prior to institution of action held barred.**

This action was instituted against the sureties on successive bonds of a clerk of the Superior Court to recover for loss of a part of funds paid into the hands of the clerk to the use of plaintiff's intestate. It appeared that at the time the funds were paid into the hands of the clerk, intestate was *sui juris* and had full knowledge of the facts, and that the loss was sustained in an investment of the funds made by the clerk in good faith. It further appeared that the bonds of defendant sureties were executed for terms expiring more than six years prior to the institution of the action. *Held:* Since each of the bonds is liable only for default occurring during the term for which it was given, and since the statute of limitations began to run, at the latest, at the expiration of the said terms, the action against defendant sureties is barred by the six-year statute of limitations. C. S., 439..

**6. Limitation of Actions §§ 3f, 4—C. S., 441 (9), held not applicable in this action against sureties on clerk's bonds.**

Ordinarily, the statute of limitations on the bond of a clerk of the Superior Court begins to run upon default and not upon discovery, C. S., 439, and when funds are paid into the clerk's office to the use of a person who is *sui juris* and knows that the funds are subject to his demand, and the clerk invests such funds in good faith, the provisions of C. S., 441 (9), have no application in an action against successive sureties on the clerk's bonds to recover the loss sustained through such investment.

APPEAL by plaintiff from *Gwyn, J.,* at May Term, 1939, of ROCK-
INGHAM.   Affirmed.

Civil action against the sureties on the official bonds of the clerk of
the Superior Court of Rockingham County to recover balance due on an
amount received by the clerk under color of his office, which, on demand,
has not been paid.

The parties waived trial by jury and the cause was tried upon stipu-
lations of fact and such additional facts as the court might find from
the evidence offered, it being agreed that the court should hear the evi-
dence and find additional facts not incorporated in the stipulations.

From the stipulations and facts found by the court the following facts
appear:

On 7 February, 1910, there was paid into the office of the clerk of
the Superior Court of Rockingham County the sum of $3,226.32 to the
use of George R. Thacker, who was then *sui juris.*   This fund remained
in the hands of the clerk and upon the appointment of Major Thomas
Smith, as clerk, to fill an unexpired term, he received from his prede-
cessor clerk, by virtue and under color of his office, $4,489.59, represent-
ing the original sum with accrued interest.   On 16 July, 1926, Smith,
clerk, loaned said money, together with other funds, to the Farmers'
Exchange, Inc.   Said loan was evidenced by a promissory note payable
to him, as clerk, and was secured by a trust deed on real estate.   The
loan was made without the knowledge of George R. Thacker and without
any order of court authorizing the same.   No portion of the principal
or interest was paid by the Farmers' Exchange, Inc., which executed
an assignment for the benefit of creditors 24 May, 1928. . The deed of
trust was thereafter foreclosed and plaintiff received out of the proceeds
of sale, through the clerk, $2,137.29.   No other funds are available out
of the assets of the Farmers' Exchange, Inc.   There is now due on said
fund $1,995.46, with interest from 20 February, 1937, and interest on
$4,989.59 from 30 March, 1936, for which judgment has been rendered
against Smith, clerk.   The plaintiff, administrator, made no demand
upon the clerk for the payment of said sum received by him until 30
March, 1936.   Demand was then made and the clerk failed to pay any
part of said sum and has paid no part thereof except the sum of
$2,137.29, representing proceeds of the foreclosure sale.   Thus, the estate
of George R. Thacker has suffered a loss in the amount represented by
the judgment against the clerk.

Major Thomas Smith was duly appointed and qualified as clerk of
the Superior Court of Rockingham County 5 December, 1925, for an
unexpired term of one year.   Having been reëlected from time to time
to succeed himself, he qualified for, and served during, the terms from
December, 1926, to December, 1930; from December, 1930, to December,

1934; and from December, 1934, to December, 1938. Apparently he is acting as clerk for the term beginning in December, 1938.

For the original one-year term, beginning 5 December, 1925, said clerk gave official bond in the sum of $10,000 with the defendant, Fidelity & Deposit Company of Maryland, as surety. For the term beginning on the first Monday in December, 1926, he gave his official bond in the sum of $10,000 with the defendant, American Surety Company of New York, as surety. For the term beginning the first Monday in December, 1930, he gave his official bond in the sum of $10,000 with the National Surety Company, as surety. For the term beginning the first Monday in December, 1934, he gave his official bond in the sum of $10,000 with the National Surety Corporation as surety.

The said clerk at no time since his original induction into office made the reports required by law to the board of commissioners of Rockingham County, and he has failed to give an itemized statement of funds held, with detailed information required by statute. He has failed to keep any book, record or list of investments, but the evidences of various investments made by him were placed in a folder and kept locked in a safe in the vault in his office. The trust fund ledger kept by him, which included the fund due to George R. Thacker, was kept in a vault in his office open to the public.

In investing the funds held to the use of plaintiff's intestate and in doing all acts and things concerning the same, the clerk acted in good faith and there is no evidence of any misappropriation or dishonesty on the part of the clerk.

At the time of the original deposit of said fund in the hands of the clerk in 1910 to the use of George R. Thacker, the said Thacker had knowledge thereof. From that date until the time of his death, neither the plaintiff's intestate nor anyone for him made any demand upon the clerk for an accounting. The plaintiff made the first demand 30 March, 1936.

George R. Thacker, plaintiff's intestate, died 1 September, 1934, and the plaintiff, Albert L. Thacker, qualified as administrator of his estate 1 October, 1934, and is now acting as such. In the course of the administration of said estate plaintiff made demand upon the clerk for an accounting and for the payment of the sum due the estate. Thereafter, plaintiff obtained judgment against the clerk for the balance due, after crediting the amount received from the proceeds of the foreclosure sale. The clerk having failed to account and pay over the amount due, the plaintiff instituted this action 31 January, 1939.

Upon the facts stipulated and found by the court, the court entered judgment: (1) That no default or loss occurred during the term covered by the bond executed by the defendant, Fidelity & Deposit Company of

Maryland; (2) that no default or loss occurred during the term covered by the bond executed by the defendant, American Surety Company of New York; (3) that if default or loss occurred during the term covered by either bond the facts constituting the fraud or mistake were not discovered prior to 30 March, 1936, the date of the demand; (4) that from an examination based exclusively upon the records in the office of the clerk of the Superior Court, neither the plaintiff nor his intestate, by the exercise of due diligence and reasonable prudence, could have discovered the default, fraud or mistake at any time prior to the institution of this suit; (5) that by due diligence and reasonable business prudence the plaintiff and the plaintiff's intestate could have discovered the default, fraud or mistake three years prior to the institution of the action; (6) that the plaintiff's cause is barred by the statute of limitations; and, (7) that plaintiff's action be dismissed at the cost of the plaintiff.

The plaintiff excepted and appealed.

*Hunter K. Penn and D. F. Mayberry for plaintiff, appellant.*
*Smith, Wharton & Hudgins for defendants, appellees.*

BARNHILL, J. Is the plaintiff's alleged cause of action against the defendants barred by the statute of limitations, C. S., 439? If this question presented by this appeal is answered in the affirmative—as it must be—it is unnecessary for us to discuss or decide whether the admitted default of the clerk occurred during either of the terms covered by the bonds executed by the defendants.

The clerk of the Superior Court is an insurer and guarantor of funds "which have come, or may come, into his hands by virtue of color of title," *Pasquotank County v. Surety Co.,* 201 N. C., 325, 160 S. E., 176; *Gilmore v. Walker,* 195 N. C., 460, 142 S. E., 579; *Marshall v. Kemp,* 190 N. C., 491, 130 S. E., 193; *Williams v. Hooks,* 199 N. C., 489, 154 S. E., 828; *Smith v. Patton,* 131 N. C., 396, and the surety upon his official bond must account for any default by the clerk during the term for which the bond was executed. *Gilmore v. Walker, supra,* and other cases cited.

Failure of the clerk to account for funds received by virtue or color of his office upon demand raises the presumption that the money was misappropriated and converted upon receipt, and the burden is upon the clerk or his surety to "show the contrary." *Gilmore v. Walker, supra; Pasquotank County v. Surety Co., supra; Williams v. Hooks, supra.*

Failure to account, upon demand made during the term the fund was received, constitutes default which starts the running of the statute of limitations, presumptively from the date the fund was received. In the absence of such demand, failure by the clerk to account for funds re-

ceived by virtue or under color of his office at the end of the term during which the fund was received constitutes a default and is a breach of his official bond. *Washington v. Bonner,* 203 N. C., 250, 165 S. E., 683. If the clerk accounts for and pays over to his successor funds received by him under color of his office, there is no breach of his official bond executed to cover the period of that particular term.

An official bond executed for a specified term is not liable for defaults of the principal during another term. A bond for one term is not liable for the nonperformance of the official duties of the principal during another and different term, even though the principal and sureties be the same for both terms. The two terms are separate and distinct and the bonds given by an officer, as security for the performance of his official duties during one term may not be held liable for derelictions occurring in another and different term. Each term "must stand on its own bottom." *Ward v. Hassel,* 66 N. C., 389; *S. v. Martin,* 188 N. C., 119, 123 S. E., 631.

The statute of limitations begins to run upon default and not upon discovery. *Bank v. McKinney,* 209 N. C., 668, 184 S. E., 506. This statute (C. S., 439) is applicable to the clerk of the Superior Court and the surety upon his official bond. *Lee v. Martin,* 186 N. C., 127, 118 S. E., 914; *Vaughan v. Hines,* 87 N. C., 445.

Thus, it appears that if there is a default it presumptively occurred at the time the money was received. If it is shown to the contrary, it occurred at the time established by the evidence, or in any event, when the clerk who had received the fund fails to account therefor to the successor clerk, even though he is the successor. There is no default, and the statute does not begin to run, so long as the clerk faithfully accounts for the fund in his hands either to the *cestui que trust* or to the successor clerk. Therefore, the statute of limitations begins to run, at the latest, at the expiration of the term during which the default, in fact, occurred.

Under these well established principles of law relating to official bonds of public officers and to the statute of limitations in respect to actions upon official bonds, it appears that if there was any default by the clerk during the term for which the defendant, Fidelity & Deposit Company of Maryland, became surety upon his official bond, the statute of limitations against any action upon said bond began to run, at the latest, on the first Monday in December, 1926, when Smith, clerk, qualified as successor for the four-year term ending on the first Monday in December, 1930, more than twelve years prior to the institution of this action. If there was any default during the four-year term ending on the first Monday in December, 1930, upon the official bond for which the defendant, American Surety Company of New York, was surety, the statute

began to run, at the latest, at the expiration of that term, on the first
Monday in December, 1930, more than eight years prior to the institu-
tion of this action.   As the statute provides a six-year period within
which actions must be instituted upon official bonds, it follows that as to
each of the defendants, plaintiff's action is barred.

The provisions of C. S., 441 (9), have no application to this case.
It is admitted that the deceased was *sui juris* and that he at all times
knew that the subject matter of this litigation was in the hands of the
clerk, subject to his demand.   No fraud or mistake is alleged or proven
and the court below found that Smith, clerk, at all times acted in good
faith.

This is one of those cases which present facts which are incompre-
hensible.   More than $3,000 was paid into the hands of the clerk of the
Superior Court of Rockingham County to the use of George R. Thacker
in 1910.   He had full knowledge thereof and yet he made no demand
upon the then clerk, or his successors in office, for principal or interest
at any time during his lifetime.   The loss admittedly sustained is quite
apparently attributable, in part at least, to the negligence of plaintiff's
intestate.

The judgment below is
Affirmed.