STATE OF NORTH CAROLINA EX REL. J. J. PAGE, ADMINISTRATOR OF THE ESTATE OF JOYCE CORINNE GODWIN, A MINOR, DECEASED, v. WILLIAM H. SAWYER, FORMER CLERK OF THE SUPERIOR COURT OF WAKE COUNTY, AND NATIONAL SURETY CORPORATION OF NEW YORK.

(Filed 28 April, 1943.)

**1. Clerks Superior Court § 18: Infants § 16: Principal and Surety § 20—**

In this jurisdiction the liability of the clerk of the Superior Court for the safety of funds of infants, placed in his hands by virtue of his office, is that of an insurer.

**2. Public Officers §§ 7c, 8: Principal and Surety § 20: Clerks Superior Court § 18—**

A public officer is not as a rule relieved from liability for the loss of public moneys in his charge where the loss is due to fire, burglary, theft, or embezzlement by subordinates, however careful and prudent he may have been. Under this rule liability would attach "where thieves break through and steal," and equally so where the clerk is the victim of a forgery.

**3. Judges § 2a: Judgments § 22h—**

An order of the judge as to a matter within his jurisdiction, even though erroneous in law, is binding on the clerk, and he is bound to obey or render himself liable to attachment for contempt. But this principle does not apply where the judge's order is void for lack of jurisdiction over the subject matter, or the parties, or the res.

**4. Infants § 17—**

In order to authorize the transfer of the funds of an infant domiciled in this State to a guardian in another state, the petition and proceeding prescribed by C. S., 2195, are jurisdictional; and an order, by the judge of the Superior Court or clerk, for its transfer otherwise is void.

**5. Fraud § 1—**

Where one of two innocent persons must suffer loss by the fraud of a third person, he who first reposes the confidence must bear the loss.

APPEAL by defendants from *Burney, J.,* at February Term, 1943, of WAKE. Affirmed.

This was a motion for judgment under C. S., 356, against William H. Sawyer, former clerk of the Superior Court of Wake County, and the

surety on his official bond, for the recovery of a fund of $766.98 in the hands of said clerk which belonged to the relator's intestate, Joyce Corinne Godwin, and which the said clerk has declined to pay on demand.

The respondents contended that this fund had been paid out by William H. Sawyer while clerk under an order of the resident judge of the Superior Court.

The case was heard on agreed facts which may be briefly summarized as follows: In 1937 a fund now amounting to $766.98 was placed in the hands of respondent Sawyer, then clerk of the Superior Court, as such clerk, belonging to Joyce Corinne Godwin, a minor and mental incompetent without guardian. Joyce Corinne Godwin was domiciled and resident in Wake County, and so continued until her death in 1942. On 6 February, 1941, a person calling himself D. O. Jackson, and claiming to have been appointed guardian of Joyce Corinne Godwin by the judge of probate of Wayne County, Georgia, presented a petition verified by himself, alleging the child was a resident of Wayne County, Georgia, and praying that this fund be turned over to him as such guardian. The so-called Jackson exhibited what purported to be copies of his appointment as guardian by the Ordinary of Wayne County, Georgia, and of his oath and bond, with United States Fidelity & Guaranty Company as surety, authenticated by what appeared to be the impression seal of the Court of Ordinary of Wayne County, Georgia. Respondent Sawyer filed the petition and supporting papers as a special proceeding, and, since the fund in question was in his hands, he referred the petition to the resident judge of the Superior Court. Thereupon, the judge signed an order directing Sawyer as clerk of the Superior Court to pay over to D. O. Jackson the amount of the fund belonging to Joyce Corinne Godwin, less commissions and costs, and the respondent Sawyer paid over to the person calling himself D. O. Jackson $766.98 representing the entire estate belonging to said minor. All this occurred on the same day. It was admitted that the papers filed by Jackson were forgeries, and that subsequently at July Term, 1941, Harold J. Rundt, *alias* D. O. Jackson, was convicted and sentenced to State's Prison on the charge of obtaining this money by false pretense. No part of the fund was recovered.

Upon these facts the court below was of opinion that plaintiff relator was entitled to recover of the respondents the amount of the fund, and so adjudged.

Respondents appealed.

*Bunn & Arendell for relator, appellee.*
*Smith, Leach & Anderson for respondents, appellants.*

DEVIN, J.   The respondents challenge the correctness of the judgment below on the facts agreed, and contend that no liability should attach to the clerk of the Superior Court, or to the surety on his bond, on account of payment to an improper person of funds in the hands of the clerk belonging to an infant when the payment has been directed by an order of the judge of the Superior Court.

On first thought, this contention on the part of the respondents would seem to be based on a reasonable construction of the law governing the clerk's relation to the court, but, upon a closer examination of the duties and obligations of the clerk with respect to the funds of infants placed in his hands by virtue of his office, a different principle is found, which we think controlling on the admitted facts appearing in the case at bar.

For the determination of the rights of the parties on the facts presented we find no precedent in the decisions of this Court, and none elsewhere has been called to our attention.   However, it is firmly established in this jurisdiction that the liability of the clerk of the Superior Court for the safety of funds of infants placed in his hands by virtue of his office is that of an insurer.   *Thacker v. Deposit Co.,* 216 N. C., 135, 4 S. E. (2d), 324; *Pasquotank County v. Surety Co.,* 201 N. C., 325, 160 S. E., 176; *Williams v. Hooks,* 199 N. C., 489, 154 S. E., 828; *Indemnity Co. v. Corporation Commission,* 197 N. C., 562, 150 S. E., 16; *Gilmore v. Walker,* 195 N. C., 460, 142 S. E., 579; *Marshall v. Kemp,* 190 N. C., 491, 130 S. E., 193; *Smith v. Patton,* 131 N. C., 396, 42 S. E., 849; *Presson v. Boone,* 108 N. C., 78, 12 S. E., 897; *Havens v. Lathene,* 75 N. C., 505; *Commissioners v. Clarke,* 73 N. C., 255; 46 C. J., 1039; 43 Am. Jur., 113.

The obligation of a clerk with respect to the funds of infants in his custody is analogous to that of a debtor who is bound to pay in any event upon demand.   *Havens v. Lathene, supra.*   Indeed, it was suggested by *Rodman, J.,* in *Commissioners v. Clarke, supra,* that, in this fiduciary relationship, he is an insurer against loss by any means whatsoever, including losses arising from the act of God or the public enemy. In 43 Am. Jur., 118, it is said: "A public officer is not as a rule relieved from liability for the loss of public moneys in his charge where the loss is due to fire, burglary, theft, or embezzlement by subordinates, however careful and prudent he may have been."   While this rule has been relaxed by statute in respect to the investment of funds by the clerk (Public Laws 1931, ch. 281), as regards his responsibility for the safety of funds in his hands and his obligation to pay on lawful demand, the strict rule of liability as an insurer has been consistently adhered to.   See Guide Book Series #18 of the Institute of Government.   Clearly, under this rule, liability would attach "where thieves break through and steal," and equally so where the clerk is the victim of a forgery.

But respondents' position is that in this case the clerk was protected by the order of the resident judge, which he was bound to obey. It is true an order of the judge as to a matter within his jurisdiction, even though erroneous in law, is nevertheless binding on the clerk, and he is bound to obey or render himself liable to attachment for contempt. *State ex rel. Tolls v. Tolls,* 160 Oregon, 317, 85 P. (2d), 366, 119 A. L. R., 1370. But that principle should not be applied to the detriment of the estate of an infant in his custody where the judge's order is void for lack of jurisdiction over the subject matter or the parties, or the *res.* In order to authorize the transfer of the funds of an infant domiciled in this State to a guardian in another state, the petition and proceeding prescribed by C. S., 2195, are jurisdictional. Forged papers presented by a spurious person, fictitiously posing as a guardian appointed by a court without jurisdiction, did not authorize a valid disbursement of the infant's funds, and an order based solely on such papers was void. The whole proceeding was a nullity. A void order, though signed by a judge, gave the clerk no protection from liability to the infant for paying out money as the property of such infant to an improper person.

It follows, therefore, that the infant, then a resident of Wake County, was in no sense represented in the proceeding based on the forged papers and was not bound thereby, and that the improper payment of money to the so-called Jackson, under the circumstances of this case, may not be held to constitute a valid disbursement of the funds of Joyce Corinne Godwin.

While an ingenious fraud by means of forged papers was practiced upon the clerk—a fraud which imposed upon him and the judge alike— we do not think the comparatively small estate of this minor should be made to suffer the loss. It is a well recognized principle that where one of two innocent persons must suffer loss by the fraud of a third person he who first reposed the confidence must bear the loss. *Berry v. Payne,* 219 N. C., 171 (178), 13 S. E. (2d), 217; *Bank v. Clark,* 198 N. C., 169 (173), 151 S. E., 102; *Bank v. Liles,* 197 N. C., 413 (418), 149 S. E., 377; *R. R. v. Kitchin,* 91 N. C., 39 (44); *Vass v. Riddick,* 89 N. C., 6. We think this was one of the casualties insured against by the surety on the clerk's bond. Neither the former clerk nor the surety is entitled to credit for this disbursement, and the judgment entitling the plaintiff relator now to recover the amount of the fund for the estate of Joyce Corinne Godwin must be

Affirmed.