MARILYN S. KOOB v. WILLIAM M. KOOB, ORIGINAL DEFENDANT; AND R. D. DOUGLAS, JR., TRUSTEE, AND JOSEPH P. SHORE, CLERK OF THE SUPERIOR COURT, GUILFORD COUNTY, ADDITIONAL DEFENDANTS

No. 7218DC696

(Filed 25 October 1972)

Divorce and Alimony § 21— action for alimony without divorce — surplus proceeds from sale of entirety property — authority of court

The trial court in an action to obtain alimony without divorce and child support had no jurisdiction to order the trustee in a deed of trust on property owned by plaintiff and original defendant by the entirety to pay the net surplus proceeds of a foreclosure sale to the clerk of court, and had no authority to order the clerk to pay one-half of the net proceeds to the plaintiff and the other half in accordance with the orders of the court; the trustee's payment of the proceeds to the clerk is deemed to have been made under the provisions of G.S. 45-21.31(b).

APPEAL by additional defendant, Joseph P. Shore, Clerk of Superior Court, Guilford County, from orders entered by *Alexander, District Judge,* GUILFORD County.

It is alleged that plaintiff and original defendant owned a home in Greensboro as tenants by the entirety. In September 1970 plaintiff moved to California, leaving original defendant living in the Greensboro home. On 17 August 1971 plaintiff instituted the present action seeking alimony without divorce,

alimony pendente lite, custody and support for two children, and counsel fees. Defendant was personally served with summons in this action on 17 August 1971 in Greensboro. Thereafter, defendant departed Greensboro and his present whereabouts are unknown. On 4 January 1972 the trial judge entered an order awarding alimony pendente lite, awarding to plaintiff custody and support for two children, and awarding plaintiff divers reimbursements for expenses and for her interest in personal property alleged to have been taken by defendant.

R. D. Douglas, Jr., an additional defendant, was named as trustee in a deed of trust, executed by plaintiff and defendant, conveying the Greensboro home property to secure the payment of the purchase price thereof. On 17 December 1971, R. D. Douglas, Jr., as trustee, because of default in payment of the obligation secured by the deed of trust, advertised the property for sale under the power of sale contained in the deed of trust.

On 4 January 1972, an order was entered in the present action making R. D. Douglas, Jr., Trustee, a party. The same order directed the trustee "to deliver one-half of the net proceeds from any foreclosure sale of the realty of the parties" to the plaintiff and to pay the other one-half to the clerk to be disbursed in accordance with the orders of the court. The trustee answered and requested that he be directed to pay the net surplus proceeds of the foreclosure to the Clerk of Superior Court of Guilford County under the provisions of G.S. 45-21.31 (b). Judge Alexander heard arguments on the trustee's motion and entered an order on 13 March 1972 making the Clerk of Superior Court of Guilford County an additional party defendant. The same order directed R. D. Douglas, Jr., Trustee, to pay the net surplus proceeds of the foreclosure sale to the Clerk of Superior Court of Guilford County, not under the provisions of G.S. 45-21.31 (b), but by virtue of the orders of the District Court. The order further directed the clerk to pay one-half of the net surplus proceeds to the plaintiff, and to pay the other one-half in accordance with the orders of the court.

The Clerk of Superior Court answered and requested that the trustee be directed to pay the net proceeds into the Clerk's office by virtue of G.S. 45-21.31 (b), and not under the terms of the orders of the District Court.

The forecosure sale of the Greensboro home was completed and payment to the trustee of the purchase price was made on

14 April 1972. The net surplus proceeds of the sale amounted to $25,853.23. On 17 April 1972, the District Court entered an order confirming its prior orders with respect to the net surplus proceeds, directing disbursement of one-half thereof to plaintiff, and particularly directing the Clerk of Superior Court as to the manner of disbursements from the remaining one-half.

The Clerk of Superior Court appealed.

*Turner, Rollins & Rollins, by Elizabeth Rollins, for plaintiff appellee.*

*Attorney General Morgan, by Assistant Attorney General Denson, and John Yeattes, for additional defendant Clerk of Superior Court, Guilford County, appellant.*

BROCK, Judge.

The appellant clerk excepts to the provisions of Judge Alexander's order which requires the trustee to pay over to the clerk, under the terms of the order, the net surplus proceeds of the foreclosure sale, to the provisions for disbursement by the clerk of said funds, and to the portion making the clerk a party defendant in this action.

[1] An order of the judge as to a matter within his jurisdiction, even though erroneous in law, is nevertheless binding on the clerk, and he is bound to obey or render himself liable to attachment for contempt. *State v. Sawyer,* 223 N.C. 102, 25 S.E. 2d 443. However, an order void for lack of jurisdiction, though signed by a judge, gives the clerk no protection from personal liability in carrying out its terms. *State v. Sawyer, supra.* In this case it is the appellant clerk's contention that the court did not have jurisdiction of the *res* (the surplus proceeds from the foreclosure sale), and therefore had no authority to require the trustee to pay it to the clerk or to require the clerk to pay it to plaintiff. We agree with this contention.

Our statutes give the trial judge plenary means to enforce its orders for alimony, and its orders for support of children. In situations where the defendant's whereabouts are unknown, as in the present case, and defendant has real or personal property within the state, statutory remedies to enforce orders for alimony or child support are available. G.S. 50-16.7(e) respect-

ing the enforcement of a decree for alimony; G.S. 50-13.4(f)(4) respecting the enforcement of orders for support of children; and G.S. 1-440.2 respecting the enforcement of orders for alimony and for support of children each provides that the remedies of attachment and garnishment shall be available. Article 35 of Chapter 1 of the General Statutes (G.S. 1-440.1 through G.S. 1-440.46) provides the procedure in attachment and garnishment proceedings. In appropriate circumstances, the remedy of receivership for the enforcement of a judgment for alimony and child support is authorized in Article 38 of Chapter 1 of the General Statutes (G.S. 1-501 through G.S. 1-507). For discussions of supplemental proceedings for the enforcement of judgments and orders for alimony and child support, see McIntosh, N.C. Practice 2d, § 1991, and 2 Lee, N.C. Family Law, p. 247.

In this case no order of attachment or garnishment was entered, nor was a receiver appointed. The trial judge merely ordered summons served on the trustee and on the clerk. Neither the trustee nor the clerk qualified for necessary joinder under Rule 19 or for permissive joinder under Rule 20. Each of them should be dropped as parties to this action under Rule 21.

The summary procedure undertaken by the trial court in this case is not authorized in law or equity, and the court acquired no jurisdiction over the *res* (the surplus proceeds of the foreclosure sale). Therefore, all of its orders respecting the surplus proceeds from the foreclosure sale are void for want of jurisdiction.

The payment by R. D. Douglas, Jr., Trustee, of the surplus proceeds to the Clerk of Superior Court, Guilford County, in accordance with the trustee's report filed 13 July 1972 is deemed to have been paid by the trustee to the clerk under the provisions of G.S. 45-21.31(b) which, under the circumstances, was the trustee's only authority to pay the funds to the clerk. The Clerk of Superior Court, Guilford County, now holds the said surplus proceeds under the provisions of G.S. 45-21.31(b).

If she is so advised, the plaintiff may yet seek attachment under G.S. 1-440.1 *et seq.* of defendant's interest, whatever it may be, in the funds now held by the clerk.

The several orders of the trial court as entered to date, insofar as they adjudicate ownership of, or otherwise affect the surplus proceeds from the foreclosure sale, or the duties and obligations of the trustee with respect thereto, or the duties and obligations of the Clerk of Superior Court with respect thereto, are vacated and this cause is remanded for such further proceedings as may be appropriate.

Orders vacated in part.

Cause remanded.

Judges MORRIS and HEDRICK concur.